Robert **FONSECA–LEITE**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 91–4820
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 15, 1992.

Peter D. Williamson, Kelly A. Chaves, Houston, Tex., for petitioner.

Richard Thornburgh, Atty. Gen., Dept. of Justice, Washington, D.C., David M. McConnell, Alice M. King, Attys., Mark Walters, David J. Kline, Asst. Directors, Robert L. Bombough, Director, OIL, Civ., Div., for respondent.

John B.Z. Caplinger, Dist. Director, I.N.S., New Orleans, La., Richard G. Parra, Dist. Director, Houston, Tex., for other interested parties.

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Robert Fonseca–Leite petitions for review of the decision of the Board of Immigration Appeals denying his applications for registry, suspension of deportation, and voluntary departure. Finding no basis for rejecting the rulings of the BIA we deny the petition for review.

*Background*

Fonseca–Leite is a native and citizen of Brazil who has resided in the United States since 1967, last entering this country as a visitor in 1974. In July 1988 he was convicted of possession of a firearm without a serial number and possession of an unregistered firearm. He was sentenced to three years imprisonment on each count, with sentences to run consecutively. The sentence on the second count was suspended. He was incarcerated 24 months and 20 days in federal prison on the first count. He apparently was a model prisoner. Upon his release deportation proceedings were initiated by the Immigration and Naturalization Service. Fonseca–Leite admitted the relevant facts and conceded deportability but requested relief from deportation in the form of suspension, registry, and voluntary departure. The immigration judge concluded that Fonseca–Leite was statutorily ineligible for the relief he sought, denied same, and ordered him deported to Brazil. Fonseca–Leite appealed to the BIA which found that he was ineligi-

62

ble for admission under section 212(a)(10) of the INA, 8 U.S.C. § 1182(a)(10), because he was an alien convicted of two or more offenses "for which the aggregate sentences to confinement actually imposed were five years or more." *Id.* His application for voluntary departure was also denied because he failed to show good moral character for five years immediately preceding his application, 8 U.S.C. § 1254(e), and because he was incarcerated for more than 180 days during that five-year period, 8 U.S.C. § 1101(f)(7). Fonseca–Leite timely filed his petition for review.

*Analysis*

 We review final orders of deportation issued by the BIA, examining questions of law *de novo, De La Cruz v. I.N.S.,* 951 F.2d 226 (9th Cir.1991), but examining factual findings, such as a finding that an alien is not eligible for the withholding of deportation, solely to see if such findings are supported by substantial evidence. *Zamora–Morel v. I.N.S.,* 905 F.2d 833 (5th Cir.1990); *Rivera–Zurita v. I.N.S.,* 946 F.2d 118 (10th Cir.1991). In conducting our reviews we are constrained to give considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer. *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). In the case at bar, we look only to see if there is substantial evidence to support the Board's factual finding that Fonseca–Leite was statutorily ineligible for the relief he sought.

Fonseca–Leite maintains that the Board erred in applying the prohibition of 8 U.S.C. § 1182(a)(10) against him because he was not subjected to a prison sentence in excess of five years on his two offenses. He points to the fact that he was confined for just over two years. Fonseca misperceives the law. The actual time spent in confinement is irrelevant. He was sentenced to two consecutive three-year periods of confinement. Six years was "the aggregate sentences to confinement actually imposed." 8 U.S.C. § 1182(a)(10). That a portion of the six years was suspended

does not change that essential and basic fact. *Matter of Castro,* 19 I & N Dec. 692 (BIA 1988). The BIA did not err in holding that Fonseca–Leite is ineligible for admission into the United States.

Fonseca–Leite next maintains that the BIA erred when it found him ineligible for voluntary departure under section 1101(f)(7) which denies such departure to anyone convicted and confined to a penal institution for as much as 180 days in the previous five years. He challenges the constitutionality of this section. We must reject this claim also. The power of Congress to expel or exclude aliens is fundamental and plenary. In exercising its power over immigration and naturalization "Congress regularly makes rules that would be unacceptable if applied to citizens." *Fiallo v. Bell,* 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977). Judicial review of the exercise of this legislative power is very limited. *Anetekhai v. I.N.S.,* 876 F.2d 1218 (5th Cir.1989). The challenged section 1101(f)(7) has consistently been upheld by the courts. *De La Cruz; Rivera–Zurita; United States v. Villa–Fabela,* 882 F.2d 434 (9th Cir.1989). We perceive no basis for rejecting this ruling by the BIA.

PETITION FOR REVIEW DENIED.