**UNITED STATES of America, Plaintiff,**

v.

**Billy Hope NGUYEN, Defendant.**

**Civ. A. No. 1:93–CV–26RR.**

United States District Court,
S.D. Mississippi, S.D.

March 16, 1994.

Stephen R. Graben, Asst. U.S. Atty., Biloxi, MS, for plaintiff.

Ben Bagert, New Orleans, LA, for defendant.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This matter is before this Court on Motion of the plaintiff, United States of America (hereinafter "USA"), for Summary Judgment against the defendant, Billy Hope Nguyen (hereinafter "Nguyen"), and on Motion of the plaintiff USA to Limit Review to the Administrative Record and to Strike Demand for Trial by Jury. Also before the Court is the Motion of defendant Nguyen for Summary Judgment.

The USA seeks to collect civil penalties which have been administratively assessed against defendant Nguyen by the Secretary of Commerce for two violations of the Endangered Species Act of 1973, 16 U.S.C. Section 1531, **et seq.** (hereinafter "ESA"), and applicable provisions of 50 C.F.R. Parts 217, 222, and 227. These violations involve the knowing and unlawful failure by defendant to use a qualified turtle excluder device ("hereinafter "TED") in each net during trawling on a vessel 25 feet or longer in length in the Gulf of Mexico area offshore. The penalties in issue were assessed in two separate administrative proceedings against the defendant for knowingly failing to use the TED while trawling in the Gulf of Mexico. As of the date of this Memorandum Order, the defendant has not paid either of the penalties in issue.

In the first case, Agency Case Number SE890526ES,[1] penalties are sought in the amount of $12,000, plus interest accruing at a rate of nine percent per annum, process and handling charges, and the cost of this suit. In the second case, Agency Case Number SE900801ES, penalties are sought in the amount of $12,000, plus interest accruing at a rate of eight percent per annum, process and handling charges, and the cost of this suit.

---

1. The Agency case number refers to that number found on the charging document, the Notice of Violation and Assessment.

The defendant denies that he is liable to the United States for the assessed civil penalties. He cites the ESA and the Administrative Procedures Act, 5 U.S.C. Section 500, et seq. (hereinafter "APA"), and alleges that the United States failed to comply with those acts and denied him constitutional due process.

The USA submits that for the reasons presented herein below this Court should sustain the decision of the Secretary of Commerce as that decision is "supported by substantial evidence on the record considered as a whole."

## I. FINDING OF FACTS

In accordance with Uniform Local Rules 8(d) the USA has filed with the Clerk of the Court its itemization of the facts relied upon in support of its Motion for Summary Judgment which are both material and undisputed. The facts recited in that itemization are incorporated herein by reference. Furthermore, attached as exhibits to the Motion for Summary Judgment are the administrative records of the U.S. Department of Commerce regarding the subject civil penalties. The matters contained in those exhibits are likewise incorporated herein by reference.

The salient undisputed, material facts which entitle the USA to summary judgment in this action are as follows.

### A. Case Number SE890526ES

On November 6, 1989, defendant Nguyen, as operator and owner of the F/V "Shadows of the Night" (U.S. documentation number 918591), was cited for knowingly failing to use a qualified TED in each net during trawling on a vessel 25 feet or longer in length in the Gulf of Mexico area offshore as defined in 50 C.F.R. Section 217.12. Thereafter, on March 14, 1990, the Secretary of Commerce, acting through the Office of General Counsel, the National Oceanic and Atmospheric Administration (hereinafter "NOAA"), issued a Notice of Violation and Assessment (hereinafter "NOVA") to defendant for violation the ESA and its regulations pursuant to 15

C.F.R. Section 904.101. The NOVA assessed a civil penalty in the amount of $12,000.[2]

The defendant Nguyen received the NOVA by certified mail, return receipt requested, on March 19, 1990 (Motion Exhibit A at Tab 6; Motion Exhibit B, attachment 3). The defendant Nguyen did not respond to the NOVA within 30 days of receipt of the NOVA by, for example, requesting a hearing as provided for by the governing rules of civil procedure found at 15 C.F.R. Part 904 and as explained in the NOVA and accompanying cover letter (Motion Exhibit A at Tabs 2 and 6; Motion Exhibit B, attachments 1 and 2). Therefore, the penalty became the final order of the Agency under 15 C.F.R. Section 904.104(a). Further, the defendant Nguyen failed to pay the NOVA-assessed penalty which became a final agency assessment on April 18, 1990. Pursuant to 15 C.F.R. Section 904.105, full payment of the civil penalty became due.

Because the defendant Nguyen did not pay the penalty, NOAA issued a written demand for payment in accordance with 4 C.F.R. Section 102 to the defendant Nguyen on June 21, 1990 (Motion Exhibit A at Tab 6; Motion Exhibit B, attachment 4). Said written demand was received by defendant by certified mail return receipt requested on June 27, 1990 (Motion Exhibit A at Tab 6; Motion Exhibit B, attachment 5).

By facsimile letter dated July 13, 1990, a hearing request was submitted on behalf of the defendant Nguyen by Tee John Mialjevich (Motion Exhibit A at Tab 4). The agency transmitted the hearing request to the administrative law judge (Motion Exhibit A at Tab 5) along with the Agency's Motion in Opposition to Hearing Request (Motion Exhibit A at Tab 6; Motion Exhibit B). The Agency opposed the hearing request because it was untimely—it was received 116 days after defendant's receipt of the NOVA and after the penalty assessed in the NOVA had become final and due.

By Order dated July 27, 1990, the administrative law judge debarred Mr. Mialjevich from representing the defendant Nguyen

---

**2.** The NOVA assessed a civil penalty in the amount of $12,000 in accordance with a penalty guideline for violations of the ESA. (Memorandum Exhibit A).

(Motion Exhibit A at Tab 7), and subsequently, on August 3, 1990, ordered the defendant Nguyen to show cause (Motion Exhibit A at Tab 8). The administrative law judge dismissed the hearing request on September 19, 1990, based on a failure to respond (Motion Exhibit A at Tab 9).[3] The defendant Nguyen continued to fail to pay the NOVA-assessed penalty.

Because the defendant Nguyen did not pay the penalty, NOAA issued additional written demands of payment on November 26, 1990, March 5, 1991, May 30, 1991, and February 27, 1992, as filed with the complaint in this case.

### B. Case Number SE900801ES

On November 20, 1990, the defendant Nguyen, as operator and owner of the F/V "Shadows of the Night" (U.S. documentation number 918591), was cited for a second time for knowingly failing to use a qualified TED in each net during trawling on a vessel 25 feet or longer in length in the Gulf of Mexico area offshore as defined in 50 C.F.R. Section 217.12. Thereafter, on June 4, 1991, the Secretary of Commerce, acting through the Office of General Counsel, NOAA, issued a NOVA to the defendant Nguyen for violating the ESA and its regulations pursuant to 15 C.F.R. Section 904.101. The NOVA assessed a second civil penalty in the amount of $12,000.[4]

The defendant Nguyen received this NOVA by certified mail return receipt, on June 19, 1991 (Motion Exhibit C at Tab 2). The defendant, through counsel, requested an extension of time in which to respond to the NOVA (Motion Exhibit C at Tab 3), which was granted (Motion Exhibit C at Tab 4). The defendant Nguyen subsequently failed, however, to respond to the NOVA, by, for example, requesting a hearing as provided for by the governing rules of civil procedure found at 15 C.F.R. Part 904 and as explained in the NOVA and accompanying cover letter (Motion Exhibit C at Tabs and 1 and 5). Therefore, the penalty became the final order of the Agency under 15 C.F.R. Section 904.104(a). Furthermore, the defendant Nguyen failed to pay the NOVA-assessed penalty which became a final agency assessment on August 2, 1991. Pursuant to 15 C.F.R. Section 904.105, full payment of the civil penalty became due.[5]

Because the defendant Nguyen did not pay the penalty, NOAA issued a written demand for payment in accordance with 4 C.F.R. Section 102 to counsel for the defendant on September 6, 1991. Said written demand was received by counsel by certified mail, return receipt requested, on September 11, 1991. Additional written demands were made upon defendant through counsel on November 6, 1991, and March 30, 1992. There was no response.

In accordance with 16 U.S.C. Section 1540(a)(1) and 15 C.F.R. Section 904.105(b), NOAA requested that the Attorney General of the United States of America, through the United States Attorney, Southern District of Mississippi, institute this civil action to collect the penalty.

### II. CONCLUSIONS OF LAW

This Court has jurisdiction of this matter pursuant to 28 U.S.C. Sections 1343 and 1355, as well as pursuant to the Endangered Species Act of 1973, 16 U.S.C. Section 1531, **et seq.**, and applicable provisions of 50 C.F.R. Parts 217, 222, and 227. Venue is proper pursuant to 28 U.S.C. Section 1395(a).

### A. The Endangered Species Act

The ESA, 16 U.S.C. 1531, **et seq.**, was enacted by Congress in 1973 in response to

---

3. The administrative law judge explains that the letter written by Mrs. Margaret (Tee John) Mialjevich on September 4, 1990, was considered a subterfuge response (Motion Exhibit A at Tabs 10 and 11).

4. The NOVA assessed a civil penalty in the amount of $12,000 in accordance with a penalty guideline for violations of the ESA. (Memorandum Exhibit A).

5. Defendant Nguyen's form answer filed with this Court, which alleges misdeeds by the administrative law judge, is meaningless in light of the fact that the administrative law judge was never involved in Case Number SE900801ES because of defendant's failure to request a hearing.

increasing concern that various "species of fish, wildlife, and plants have been so depleted in numbers that they are in danger of or threatened with extinction." 16 U.S.C. Section 1531(a)(2). Congress thus created the ESA "to provide for the conservation, protection, restoration and propagation of species of fish, wildlife, and plants facing extinction." S.Rep. No. 307, 93rd Cong., 1st Sess. (1973), **reprinted in** 1973 U.S.C.A.N. 2989.

The ESA establishes a framework for the protection of endangered species. Under Section 4 of the Act, the Secretary of Commerce[6] is required to make determinations about the status of certain species, including whether or not a given species qualifies for designation as "endangered" or "threatened."[7] Once a species has been placed upon the list of endangered species, the ESA provides that "it is unlawful for any person subject to the jurisdiction of the United States" to perform specified activities with regard to that species.[8] "Person" is defined by the ESA to mean "an individual, corporation, partnership, trust, association, or any other private entity." 16 U.S.C. Section 1532(13). Specifically, Section 9(a)(1) of the ESA provides that it is unlawful to:

(A) import any such species into, or export any such species from the United States;

(B) take any such species within the United States or the territorial sea of the United States;

(C) take any such species upon the high seas;

(D) possess, sell, deliver, carry, transport, or ship, by any means whatsoever, any such species taken in violation of subparagraphs (B) and (C);

(E) deliver, receive, carry, transport, or ship in interstate or foreign commerce, by any means whatsoever and in the course of a means whatsoever and in the course of a commercial activity, any such species;

(F) sell or offer for sale in interstate or foreign commerce any such species; or

(G) *violate any regulation pertaining to such species or to any threatened species of fish or wildlife listed pursuant to section 1533 of this title and promulgated by this chapter.*

16 U.S.C. Section 1538(a)(1) (emphasis added).

All five species of sea turtles that occur in the U.S. waters are either endangered or threatened under the ESA.[9] 50 C.F.R. Sections 222.23(a), 227.4. Relying on data that indicates commercial shrimp trawlers kill 11,000 sea turtles in the waters off the south Atlantic and Gulf of Mexico coastal states each year, the National Marine Fisheries Service (hereinafter "NMFS"), a subagency of NOAA that is charged with responsibility for enforcement of the ESA, issued regulations to protect endangered and threatened sea turtles on June 29, 1987. 52 Fed.Reg. 24,244 (June 29, 1987). At that time the regulations required that shrimp trawlers 25 feet or longer, trawling in offshore waters from North Carolina through Texas, use a NMFS-approved TED in each net during certain times of the year in specific areas. **Id.**; 50 C.F.R. 227.72(e).[10]

The ESA provides authority for both civil and criminal penalties for violations thereof. The civil penalty provision, found at section 11(a), provides for a penalty in the amount of $500 for violations of the ESA or its regulations without regard to intent; the ESA further provides for a penalty of $12,000 per

---

**6.** Section 4 of the ESA divides the responsibility for listing species under the Act between the Secretary of the Interior and the Secretary of Commerce. The Secretary of the Interior is generally responsible for all terrestrial species, while the Secretary of Commerce is responsible for marine species. 16 U.S.C. Section 1533(a)(2) (1988).

**7.** An "endangered" species is one which is "in danger of extinction." 16 U.S.C. Section 1532(6). A "threatened" species is one which is "likely to become an endangered species within

the foreseeable future." 16 U.S.C. Section 1532(20).

**8.** The Secretary of Commerce, through the National Marine Fisheries Service ("NMFS"), has by regulation made the prohibitions regarding endangered species applicable to threatened species as well. **See** 50 C.F.R. Section 227.71.

**9.** These are the Kemp's ridley, the loggerhead, the leatherback, the green, and the hawksbill.

**10.** The regulations have since been amended.

violation for persons who "knowingly" violate regulations promulgated thereunder. 16 U.S.C. Section 1540(a)(1). Finally, the ESA provides that upon any failure to pay a penalty assessed, the agency may request the U.S. Attorney General to institute a civil action in a district court of the United States where the person owing the penalty is found, resides, or conducts business.

### B. The Administrative Process for Challenging a Penalty Assessed under the ESA.

The authority to enforce the ESA and assess penalties for violations committed thereunder is vested in the Secretaries of Commerce and Interior. See 16 U.S.C. Sections 1540(a), 1532(15). With regard to those species within the jurisdiction of the Secretary of Commerce, the agency, through NOAA, has issued regulations which set forth procedures governing administrative proceedings for the assessment of civil penalties under the ESA. See 15 C.F.R. 904.100 et seq. These regulations provide that for any civil penalty assessed under the ESA those charged have the opportunity to contest the factual allegations which form the basis for the penalty before an administrative law judge.

The agency's assessment of a civil penalty under the ESA commences with the issuance of a NOVA. 15 C.F.R. Section 904.101. A NOVA, as the name implies, provides the person charged with notice of the violation alleged, as well as the penalty assessed by the agency. It is served personally or by registered or certified mail upon a person alleged to be subject to a civil penalty under the ESA. It contains a statement of the facts which constitute the violation, a specific reference to the provisions of the statutory or regulatory provision allegedly violated, the respondent's rights upon receipt of the NOVA, and the amount of the civil penalty

assessed. **Id.** The NOVA is accompanied by a copy of the NOAA civil procedure regulations. **Id.**

In addition to those elements listed above, a NOVA advises the respondent of his or her rights upon receipt. 15 C.F.R. Section 904.101. Specifically, it explains that the respondent has 30 days from the date of receipt in which to respond to the allegations cited therein. 15 C.F.R. Sections 904.101, 904.104. It further explains that if the respondent fails to exercise these rights within that 30–day period, all of the allegations and the penalty therein will be taken as admitted. During the 30 days following receipt, the respondent may accept the penalty, seek to have it amended, request a hearing, request an extension of time to respond, or take no action. 15 C.F.R. Section 904.102(a). If the respondent takes no action, the NOVA becomes effective as the final administrative decision and order of NOAA on the 30th day after service of the NOVA. 15 C.F.R. Sections 904.102(a)(5), 904.104.[11]

If the respondent requests a hearing, the case is assigned to an administrative law judge who has the power to preside over the parties and the proceeding, to require a party or witness to state his or her position concerning any issue at any time during the proceeding, to rule on motions, discovery requests, to administer oaths, conduct the hearing, and to issue a decision based upon the record in the case, 15 C.F.R. Section 904.204, or to dismiss a case for failure to prosecute or defend. 15 C.F.R. Section 904.212. The respondent, conversely, may seek discovery, including depositions, from the agency and has the right to present oral or documentary evidence at the hearing, to submit rebuttal evidence, and to cross-examine witnesses put on by the agency. 15 C.F.R. Sections 904.240, 904.241, and 904.251. The written decision of the administrative law judge sets forth findings and conclusions on all issues of material fact and law, as well as

11. If a respondent fails to respond to a NOVA within the 30–day time period and further fails to request an extension of time from Agency counsel in which to file a hearing request, a respondent is provided a 10–day window of opportunity to attempt to cure the default by requesting that NOAA or the ALJ grant permission to make a late submission. 15 C.F.R. Section 904.3(e). If a respondent fails to request permission during this 10–day window of opportunity, the NOVA becomes the final administrative decision and order of NOAA, and the penalties assessed therein become due and owing 30 days after receipt of the NOVA. In the Matter of Mervin J. Ledet, Jr., O.R.W. (NOAA App.1993), and cases cited therein (Memorandum Exhibit B).

rulings on findings proposed by the parties. 15 C.F.R. Section 904.271.

Unless an order of the administrative law judge specifically provides otherwise, any party may file a petition for reconsideration of any order or decision issued by the administrative law judge. 15 C.F.R. Section 904.-272. Additionally, any party may petition the Administrator of NOAA for review of the initial decision of the administrative law judge within 30 days after the date of the decision is served. 15 C.F.R. Section 904.-273(a). If the Administrator declines to exercise such review, which is discretionary, an order to that effect is served upon all parties, either personally or by registered or certified mail, specifying the date upon which the administrative law judge's decision will become effective as the final decision. 15 C.F.R. Section 904.273(g).

If the Administrator grants a petition for discretionary review, an order specifying issues to be briefed and a briefing schedule is issued. 15 C.F.R. Section 904.273(h). After briefing by the parties, the Administrator renders a written decision on the issues under review. 15 C.F.R. Section 904.273(i). The Administrator transmits the decision to each of the parties by registered or certified mail, and the Administrator's decision becomes the final administrative decision on the date it is served, unless otherwise provided in the decision. **Id.**

At each step of the way, if the respondent does not contest the violations alleged, or appeal a decision or order issued within the agency, the regulations provide that the assessment becomes the final agency action, which is not subject to further review before the agency, but which is subject to collection proceedings or judicial review under the APA in a federal district court. 15 C.F.R. Sections 904.102(a)(5), 904.271(d), and 904.-273(g), (i).

■ In both cases before this Court the defendant did not request a hearing in a timely manner. Therefore, the assessments of the civil penalties against the defendant Nguyen became final agency actions not subject to further review.[12]

### C. The District Court Review of this Action is Limited to the Administrative Record

■ The civil penalty provision of the ESA relating to collection actions provides, in pertinent part, the following:

Upon any failure to pay a penalty assessed under this subsection, the Secretary may request the Attorney General to institute a civil action in a district court of the United States for any district in which such person [who violates the ESA] is found, resides or transacts business to collect the penalty and such court shall have jurisdiction to hear and decide any such action. *The court shall hear such action on the record made before the Secretary and shall sustain his action if it is supported by*

---

**12.** In Agency Case Number SE890526ES, the defendant did not request a hearing within the 30–day time period, nor did he request an extension of time in which to request a hearing. His request for hearing, filed 116 days after receiving the NOVA, was well past the 10–day window of opportunity (See footnote 11) for requesting permission to make a late filing. The NOVA and its penalty had become final and incontestable.

Further, in Agency Case Number SE890526ES, defendant did not respond to a show cause order issued by the ALJ; therefore, the ALJ made a summary decision to dismiss the action before him. Under 15 C.F.R. Section 904.212 the ALJ has the power to make such a show cause order in order to facilitate a just and expeditious resolution of a case. Thus, because defendant failed to respond to the order justly issued by the ALJ in this case, the ALJ had the authority under 15 C.F.R. Section 904.212 to dismiss the matter from the docket for failure to defend. Additionally, under 15 C.F.R. Section 904.210 the ALJ has the authority to move at any time after a proceeding begins for summary decision disposing of all the issues before him, which was done by the ALJ in this case. Therefore, the dismissal of this matter by the ALJ was just and allowed under the NOAA regulations.

After dismissal by the ALJ, the defendant failed to seek reconsideration by the ALJ within the 20 days allowed under 15 C.F.R. Section 904.272. Additionally, the defendant failed to seek administrative review of the ALJ's decision within the 30 days allowed under C.F.R. Section 904.273(a). Therefore, because of defendant's failure to contest the ALJ's order in any way, the assessment of a civil penalty against defendant became a final agency action, not subject to further review. 15 C.F.R. Sections 904.102(a)(5), 904.271(d), and 904.273(g), (i).

*substantial evidence on the record considered as a whole.*

16 U.S.C. Section 1540(a)(1) (emphasis added). Thus, the ESA expressly provides the district court with the standard of review to be used in this case. Section 1540(a)(1) provides that in reviewing a civil action brought to collect a penalty assessed under the ESA, the district court must determine, on the basis of the administrative record as a whole, whether substantial evidence supports the agency's assessment.[13]

▇ Thus, the motion of the United States to limit this Court's review to the Administrative record is well taken. The Court's review of this case, regarding whether the civil penalties are supported by substantial evidence, is limited to an examination of the administrative record as it existed before the agency. The Court cannot review the findings **de novo**. *National Grain and Feed Ass'n v. Occupational Safety and Health Admin.*, 866 F.2d 717 (5th Cir.1989); *Fonseca–Leite v. I.N.S.*, 961 F.2d 60 (5th Cir.1992).[14]

As such, the Court will address the three points raised by the defendant Nguyen in opposing summary judgment. First, he contends that he was wrongfully denied a requested hearing in Case Number SE890526ES. Second, he complains that in both Case Number SE890526ES and Case Number SE900801ES the $12,000 penalties assessed were improper because there were no hearings to determine if defendant's violations were "intentional." See defendant's Memorandum at pp. 2–4. Finally, he questions the sufficiency of the administrative record in Case Number SE890526ES. As shown below, these arguments are flawed and not supported by either the administrative records before this Court or the applicable law.

1. **The defendant was not wrongfully denied a hearing following his so-called response to the ALJ's August 3, 1990, show cause order.**

▇ At the outset it bears pointing out that the defendant does not dispute the USA's Itemization of Facts Not in Dispute.[15]

---

**13.** In addressing the issue of the standard review that should guide the district court in this case, the United States would direct the Court's attention to the standard of review for assessing the substantive validity of the penalty assessment by the agency. The substantial evidence standard of review, as provided by the ESA in such an evaluation, derives from the Administrative Procedure Act, 5 U.S.C. Section 701, et seq., which provides that a court can strike down an agency's findings of fact and findings on mixed question of fact and law that are "unsupported by substantial evidence." 5 U.S.C. Section 706(2)(E). Pure questions of law, on the other hand, are reviewable de novo by the district court. *Coca–Cola Co. v. Atchison, T. & S.F.R., Co.*, 608 F.2d 213, 218 (5th Cir.1979).

**14.** The clear language of the Statute is the best reason against a **de novo** review of the civil penalties. However, even if the statute did not specifically articulate the standard of review of the penalties assessed under the ESA, basic principles of administrative law would prevent this Court from performing a trial de novo. In cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, the Supreme Court has held that consideration of agency action is to be confined to the administrative record and no de novo procedures may be held. **See** *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715, 83 S.Ct. 1409, 1414, 10 L.Ed.2d 652 (1963) (*Electro Engineers, Inc. v. United*

States, 702 F.2d 998 (Fed.Cir.1983)); *Tagg Bros. & Moorhead v. United States*, 280 U.S. 420, 50 S.Ct. 220, 74 L.Ed. 524 (1930) (as overruled in *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) (superseded by statute as stated in *Essex*, supra)). Also, even under statutes which specify a de novo standard, courts have interpreted that to mean a de novo review of the administrative record and have decided the case on summary judgment. *Perri v. Department of Treasury, Bureau of A.T. & F.*, 637 F.2d 1332 (9th Cir.1981).

If a contrary result were adopted, those who did nothing at the administrative level would receive a more liberal scope of review than those who did request a hearing and contest the penalty at the administrative level. This would, moreover, run contrary to the basic principle of administrative law that where Congress has allocated the agency the duty to make these determinations in the first instance, the court should not intervene. *Baltimore Gas & Electric Co. v. Natural Resources Defense Council, Inc.*, 462 U.S. 87, 100, 103, 103 S.Ct. 2246, 2254, 2255, 76 L.Ed.2d 437 (1983).

**15.** Uniform Local Rule 8(d) requires that in responding to a summary judgment motion the respondent "shall file an agreement that the facts listed by the movant are undisputed or shall state with specificity those facts which are contested and the reasons therefor."

He does, however, accuse the USA of a "flagrant misrepresentation of the administrative record" by pointing to page 4 of the USA's memorandum where, according to defendant Nguyen, the USA infers the defendant did not respond to the ALJ's August 3, 1990, show cause order. Concomitantly the defendant alleges that his response, a telefaxed letter from his representative, Mrs. Tee John (Margaret) Mialjevich, is not a part of the administrative record, and consequently, a genuine issue of material fact—did the defendant respond to the ALJ's show cause order—exists so as to preclude summary judgment.

The defendant Nguyen correctly states that the USA does not consider the September 4, 1990, letter from Mrs. Mialjevich a response to the ALJ's show cause order; however, the defendant appears to be in error in characterizing the position of the United States as misrepresenting the record. The administrative record of Case Number SE890526ES clearly shows that defendant's so-called "response" was nothing more than a belated request for a hearing on behalf of a number of shrimpers including the defendant herein. The hearing request was rejected by the ALJ because it did not, as directed by the show cause order, "show cause for distinguishing these cases from **Tommy Nguyen, et al.,** Docket Numbers 035–027 et. seq." and because defendant's use of Mrs. Mialjevich as his representative was considered by the ALJ to be improper in light of the ALJ's July 27, 1990, order debarring her husband, Mr. Tee John Mialjevich. **See** Motion Exhibit A at Tabs 7–11.

Defendant's argument that he was improperly denied a hearing as a result of the rejection of his so-called response is trifling for a number of reasons, the most obvious being that the ALJ's August 3, 1990, show cause order *did not extend the time for defendant to request a hearing.* The order simply afforded the defendant an opportunity to present in writing reasons why his case should not be disposed of in the same manner as an earlier case. **See** Motion Exhibit A at Tab 8. As demonstrated in plaintiff's original brief, the defendant's opportunity to *request a hearing* in this case expired on

April 18, 1990—30 days after receipt of the NOVA. It is undisputed that the defendant did not request a hearing within that period of time and that defendant's first request for a hearing was belatedly made *116 days after receipt of the NOVA.* On this point the defendant's response in opposition to the USA's Motion for Summary Judgment is conspicuously silent.

The defendant attempts to explain that his so-called response to the ALJ's show cause order was, if nothing else, a timely hearing request. The September 4, 1990, letter from Mrs. Mialjevich was neither a timely hearing request nor a proper response to the ALJ's show cause order. The letter is void of any discussion as to why the defendant's case should not be disposed of in the same manner as **Tommy Nguyen, et al.,** Docket Nos. 035–027, **et seq.** The letter is not responsive to the limited scope of the ALJ's order, was properly rejected by the ALJ, and should be rejected by this Court as a basis for denying summary judgment to the USA.

As to defendant's further contention, **i.e.,** that the administrative record is incomplete because the September 4, 1990, letter is missing, the defendant is incorrect. The letter is included in the record at Tab 10. **See** Motion Exhibit A at Tab 10. There is no issue as to the existence of the letter, its content, or its inclusion in the administrative record. Hence, defendant's assertion that a factual dispute exists regarding the letter is baseless.

The undisputed facts are that the defendant was served with a NOVA on March 19, 1990. *The defendant did not request a hearing within 30 days of receipt of the NOVA.* The ALJ did not extend the time for requesting a hearing. Therefore, for the reasons previously cited in the USA's original brief, the $12,000 penalty became a final agency assessment, and the USA is now entitled to summary judgment against the defendant for that amount and other statutory costs and fees. That defendant's September 4, 1990, untimely hearing request, cloaked as a response to the ALJ's show cause order, was rejected by the ALJ is simply of no moment in this case.

## 2. The USA was not required to conduct a hearing to determine if defendant's failure to use a TED was "intentional" before assessing a $12,000 penalty in each case.

■ The defendant Nguyen also complains that the $12,000 penalties assessed in Case Number SE890526ES and Case Number SE900801ES were improper because hearings were not held to ascertain if defendant's conduct was "intentional" in each case. Defendant cites *United States v. Cheramie Bo–Truc # 5, Inc.*, 538 F.2d 696 (5th Cir.1976), **rehearing denied,** 559 F.2d 1217 (5th Cir. 1977), as standing for the proposition that an administrative hearing is required even though there is no statutory requirement. The Fifth Circuit's holding in *Cheramie Bo–Truc # 5,* however, is quite to the contrary.

The relevant issue presented in *Cheramie Bo–Truc # 5* was whether the Coast Guard could impose an administrative fine without first fulfilling a *statutory* hearing requirement. *Id.* at 698. The Fifth Circuit noted that the statute in question, 46 U.S.C. Section 239(d), "mandates a hearing" and concluded that the Coast Guard's failure to conduct a hearing was fatal to its effort to have the court enforce the fine. *Id.* at 699. The Fifth Circuit, however, carefully distinguished its holding in *Cheramie Bo–Truc # 5* from those cases where **no hearing is required** because either (1) the relevant statute does not clearly require a hearing before the agency action in question, (2) the relevant statute's wording and legislative history require a hearing only on a preliminary showing of a disputed issue of fact, or (3) the agency has exercised its rule-making powers to establish statutorily permitted threshold prerequisites to a hearing. *Id.* at 698. In holding that 46 U.S.C. Section 239(d)'s hearing requirement precluded judicial enforcement of a fine levied without a hearing, the Fifth Circuit did not abrogate the longstanding rule that an agency is not required to conduct a meaningless evidentiary hearing when the facts are undisputed. *Id.*

The two administrative assessments before this Court are easily distinguishable from the administrative proceedings presented in *Cheramie Bo–Truc # 5.* Unlike Section 239(d)'s mandated hearing, a hearing under the 15 C.F.R. Part 904 only becomes necessary if a request is first "timely filed." **See** 15 C.F.R. Section 904.104. If a request for a hearing is not "timely filed," then the NOVA (absent a hearing) becomes the final administrative decision. *Id.* In this regard, the defendant's reference to 15 C.F.R. Section 904.251(d) at page 4 of his memorandum is misguided. Section 904.251(d) has nothing to do with *requiring* a hearing. Rather it simply provides that if in a hearing (involving a charged violation of the law) a party admits an allegation, then evidence "may" be taken to establish matters of aggravation or mitigation.

The defendant's argument that a hearing is always required before a civil penalty can be assessed does not comport with the administrative process laid out in 15 C.F.R. Part 904; said process is described in the USA's opening brief at pages 9–13 and incorporated herein by reference. Under Part 904, unless a hearing is "timely requested," there is no requirement that a hearing nonetheless be held prior to the imposition of any civil penalty. In both of the administrative proceedings currently under review, the defendant failed to request a hearing in a timely fashion;[16] consequently, the penalties imposed in each proceeding must be enforced by this Court.

## 3. The administrative record of Case Number SE890526ES is sufficient to support a finding by this Court that the penalty assessed is supported by substantial evidence.

■ The defendant also attacks the composition of the administrative record in Case Number SE890526ES by stating in conclusory fashion that

[i]t is apparent that a random shuffling of the papers took place in the offices of NOAA's general counsel and by the time that the stack looked impressive enough, a

**16.** As previously shown, in Case Number SE890526ES the defendant first requested a hearing 116 days after receipt of the NOVA. In Case Number SE900801ES the defendant never requested a hearing.

ribbon was attached along with a certificate that the assorted papers comprise the administrative record in this case.

Defendant's Memorandum at p. 5. His argument relies primarily on his interpretation of the significance of the lack of a docket number on several of the documents which comprise the administrative record of Case Number SE890526ES. Once again, the defendant deceptively fashions an argument that, upon examination of the undisputed facts, cannot withstand scrutiny.

For example, at page 5 of his memorandum the defendant challenges the propriety of the ALJ's June 15, 1990, show cause order being made a part of the administrative record in this case.[17] This show cause order, as the record clearly shows, was entered by the ALJ prior to July 13, 1990, the date on which Tee John Mialjevich entered his appearance as defendant's representative in Case Number SE890526ES and belatedly requested a hearing. See Motion Exhibit A at Tab 4. Nonetheless, its relevance to this proceeding, and hence its inclusion in the administrative record, is found in the Order of Debarment entered by the ALJ on July 27, 1990. See Motion Exhibit A at Tab 7. In that order, which the defendant admits receiving following "notice,"[18] the ALJ references his June 15, 1990, show cause order and makes specific findings in support of his decision to debar Tee John Mialjevich. The relevancy of this ALJ's June 15, 1990, show cause order and the propriety of its inclusion in the administrative record of Case Number SE890526ES cannot be seriously questioned.

While defendant points to the absence of the "docket number" on several of the documents in the administrative record, he does not dispute the fact that Case Number SE890526ES and the administrative proceeding docketed as "035–316" are one in the same proceeding. Consequently, the absence of a "docket number" on several of the documents in this case is insignificant, and defendant's protestations are disingenuous. For example, the defendant does not dispute that the NOVA, bearing Number SE890526ES, found at Tab 2 of the administrative record is the relevant NOVA. As shown above, the defendant does not dispute that during the course of the administrative process he received the show cause order found at Tab 3. The defendant does not dispute that the July 13, 1990, letter from his representative, Tee John Mialjevich, to NOAA's general counsel (Tab 4) pertains to this administrative proceeding. The defendant does not dispute that his July 13, 1990, hearing request was forwarded to the ALJ by NOAA's general counsel's letter dated July 23, 1990 (Tab 5). The defendant does not dispute that the "Agency's Motion in Opposition to Hearing Request" bearing an admittedly incorrect docket number but nonetheless also bearing the correct case number "SE890526ES" was submitted to the ALJ as part of the administrative process now under review. The defendant does not dispute that the Order of Debarment (Tab 7) was entered in this administrative proceeding. The defendant does not dispute that the ALJ's August 3, 1990, order to show cause was issued as a part of this administrative proceeding.[19] Finally, the defendant does not dispute that the documents comprising Motion Exhibit B all relate to the subject administrative proceeding as evidenced by case number SE890526ES appearing on each and every document. Nowhere in the defendant's submissions to this Court does he challenge the authenticity or relevancy of any of those documents.

---

**17.** This order directed the named respondents and "all future respondents" to show cause in writing why Tee John Mialjevich should not be debarred from representing shrimpers in administrative proceedings. See Motion Exhibit A at Tab 3.

**18.** At page 7 of defendant's memorandum, the defendant states that "after *notice* and an opportunity to respond, the ALJ issued an order, dated July 27, 1990, debarring Tee John Mialjevich from representing the defendant in this matter."

(Emphasis added). The only "notice" the defendant could have received was the June 15, 1990, show cause order which defendant now contends should not be a part of this record.

**19.** In fact, it is the issuance of this order which the defendant takes exception to in this case. The propriety of defendant's complaining about the order's inclusion in the administrative record while at the same time challenging the order is, to say the least, questionable.

The defendant's assertion that the administrative record is somehow suspect because of an absence of the "docket number" on several documents is not a basis to persuade this Court from finding that the substantial evidence contained in said record supports the assessment of the $12,000 penalty. The defendant takes issue with the record not because it is inaccurate, incomplete, or irrelevant but rather, the plaintiff submits, because when "considered as a whole" the record establishes the USA's entitlement to the judicial enforcement of the penalty assessed.

■ When an agency's determination is "based on [an] administrative record, [the agency's] decision should be reviewed in light of that record." *Bowles v. U.S. Army Corps of Engineers*, 841 F.2d 112, 116 (5th Cir. 1988), **cert. denied and appeal dismissed**, 488 U.S. 803, 109 S.Ct. 33, 102 L.Ed.2d 13 (1988). And, so long as "the existing record is sufficient for a meaningful review" the agency's decision should not be disturbed by the district court. *Morales v. Merit System Protection Bd.*, 932 F.2d 800, 802 (9th Cir. 1991) (the unavailability of a transcript of the testimony of two witnesses was not harmful error because there was other substantial evidence to support the ALJ decision). The plaintiff submits that the administrative record of Case Number SE890526ES, being also the administrative record of the case docketed as 035–316, when considered as a whole is more than sufficient to support the imposition of the $12,000 penalty.

### CONCLUSION

As provided by 16 U.S.C. Section 1540(a)(1), this Court must sustain the civil penalties assessed by the Secretary of Commerce if the assessments are supported by substantial evidence on the record as a whole. The administrative record which has been filed with this Court contains, **inter alia,** the NOVAs (which contain findings and conclusions and state a violation of the ESA and its regulations),[20] evidence that the defendant received both NOVAs, and a failure in both cases to request a hearing in a timely manner. The defendant had the opportunity for, and was on notice that he had the right to, a hearing to defend against the charges of violations of the NOVAs. Because the charges in the NOVAs stated violations of the ESA and its regulations, and because the defendant was on notice that by failing to request a hearing in a timely manner the allegations and penalties in the NOVAs would be taken as admitted, and that the NOVAs would become effective as the final administrative decision and order of NOAA, the Court is of the opinion that there is a basis in the record to find that the penalties assessed in the NOVAs, for the stated violations, are due and owing.

IT IS, **THEREFORE, ORDERED AND ADJUDGED** that the Motion of the plaintiff, United States of America, for Summary Judgment against the defendant, Billy Hope Nguyen, is hereby **GRANTED** and the defendant Nguyen is hereby directed to pay the total amount owing for the two penalties in issue in the amount of $24,000, as well as any statutory assessments or costs thereto;

IT IS **FURTHER ORDERED AND ADJUDGED** that the Motion of the plaintiff USA to Limit Review to the Administrative Record is hereby **GRANTED** and the Motion of the USA to Strike Demand for Trial by Jury is hereby **DENIED** as moot.

IT IS **FURTHER ORDERED AND ADJUDGED** that the Motion of defendant Nguyen for Summary Judgment is hereby **DENIED.**

IT IS **FURTHER ORDERED AND ADJUDGED** that a Final Judgment be submitted to this Court in accordance with Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Local Rules for the United States District Courts for the Northern and Southern Districts of Mississippi within ten days, **i.e.,** on or before March 24, 1994.

**SO ORDERED AND ADJUDGED.**

---

**20.** The NOVA was based on documentation of first hand observations by law enforcement personnel of trawling without NMFS-approved TEDs at a time and place when they were required by the regulations.