**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-60898**
_____

**ALDO PAUL DAVILA; AIDA JESUS DAVILA; DENIS PAUL DAVILA,**
**also known as Jose Sanchez-Fagardo; GIOVANNA MILUSKA DAVILA;**
**MONICA VANESSA DAVILA,**

**Petitioners,**

**VERSUS**

**JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL,**

**Respondent.**

_____

Petition For Review of an Order
of the Board of Immigration Appeals
(A70-802-552)
_____

February 25, 2002

Before SMITH, DeMOSS, Circuit Judges, and LAKE, District Judge.[*]

PER CURIAM:[**]

Appellants seek review of a final order of deportation of the
Board of Immigration Appeals (BIA) affirming the Immigration

_____

[*]District Judge for the Southern District of Texas, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judge's (IJ) denial of their applications for asylum and withholding of deportation. Finding no error, we AFFIRM.

The five appellants, citizens of Peru, sought refugee status, asylum, and withholding of deportation because of alleged religious and political persecution by the Peruvian "Shining Path" guerrilla organization. Appellants claimed that the Shining Path persecuted them in Peru because of their Mormon religion and because of Aldo Paul Davila's campaign to prevent the formation of a union at his work site.

Section 208(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1158(a), authorizes the Attorney General, in his discretion, to grant asylum to an alien who qualifies as a "refugee" under the Act. A refugee is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. . . ." 8 U.S.C. § 1101(a)(42)(A). To prove a well-founded fear of persecution an alien must show that a reasonable person in the same circumstances would fear persecution because of one of the enumerated grounds in the INA if he were deported to his home country. Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). This requirement has both a subjective and an objective component; the alien's subjective fear of future prosecution must be objectively reasonable. Id.

The decision of the BIA to deny asylum must be affirmed if

-2-

supported by "substantial evidence." <u>Fonseca-Leite v. INS</u>, 961 F.2d 60, 62 (5th Cir. 1992). The decision of the BIA to deny asylum will only be reversed when the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 and n.1, 112 S.Ct. 812, 815 and n.1 (1992).

The IJ found that the appellants were deportable and denied their applications for asylum and withholding of deportation. The IJ recognized that the Shining Path was a brutal terrorist organization, but concluded that the Shining Path only attacked Aldo Paul Davila because of his anti-union activities, not because of appellants' religion or political opinions. The IJ also found that the appellants were not at risk of future persecution because of their religion or political views.

The BIA affirmed the IJ's decision that appellants were deportable and denied their applications for asylum and withholding of deportation. The BIA agreed with the IJ that appellants had not established either past persecution based on religious or political beliefs or a well-founded fear of persecution if they returned to Peru.

Having carefully considered the record, we conclude that appellants have not presented evidence of such a compelling nature that no reasonable factfinder could fail to find otherwise.

The BIA's Order of Deportation is AFFIRMED.