**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-60220

KELLY ANDREA RESTREPO MONSALVE

Petitioner

v.

ERIC H HOLDER, JR, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
No. A98 863 222

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner, Kelly Andrea Restrepo Monsalve ("Monsalve"), petitions for review from the Board of Immigration Appeals' ("BIA") denial of her asylum application. For the reasons set forth below, we deny the petition.

## FACTS AND PROCEEDINGS

Monsalve is a Colombian national who worked as a government employee in Medellin, Colombia. In that capacity, she helped the city's mayor implement a vendor licensing program. This program was intended to decrease the number

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of street vendors in the public square. While her position was not particularly powerful, Monsalve was prominent in performing her duties, which included managing the databases containing street vendor information and explaining to displaced vendors why they had been denied a license. As a result of the city's program and the decrease in economic opportunities, some displaced vendors joined guerilla groups and began targeting government employees. At least one employee was killed, shots were fired into Monsalve's home, a drive-by shooting was attempted to assassinate her, and the office out of which the licensing program operated was bombed.

During this period, Monsalve fled to the United States several times, always returning to Colombia. Eventually, she applied for asylum. The application was denied by an immigration officer and her case was referred to an immigration judge. The judge found that she was persecuted by disgruntled street vendors but that this persecution was due to revenge and not her political opinion or membership in a social group. Monsalve appealed to the BIA, which affirmed the immigration judge's determination. Monsalve now seeks review of the BIA's decision, arguing that the BIA erred in finding that she was not persecuted on account of her political opinion or her membership in a particular social group.

## STANDARD OF REVIEW

We review factual findings of the BIA for substantial error, and conclusions of law *de novo*. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). "In conducting our reviews we are constrained to give considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." *Fonseca-Leite v. I.N.S.*, 961 F.2d 60, 62 (5th Cir. 1992) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). When presented with questions of fact, we review the BIA's decision to determine whether "its findings are supported by substantial evidence." *Silwany-Rodriguez v. I.N.S.*,

975 F.2d 1157, 1160 (5th Cir. 1992). "The substantial evidence standard requires only that the Board's conclusion be based upon the evidence presented and be substantially reasonable." *Rojas v. I.N.S.*, 937 F.2d 186, 189 (5th Cir. 1991). Under the substantial evidence standard, we will not reverse the BIA unless the evidence is "'so compelling that no reasonable fact finder could fail to find' the petitioner statutorily eligible for relief." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 484 (1992)).

## DISCUSSION

Monsalve argues that the BIA erred in determining that her persecution was not due to her political opinion or that imputed to her by the displaced vendors. Further, Monsalve maintains that the BIA erred in finding that she was not a member of a particular social group—former employees of Medellin's vendor licensing program.

The Attorney General or the Secretary of Homeland Security, under 8 U.S.C. § 1158, has the discretion to grant asylum to an alien who demonstrates that she is a refugee. A refugee is defined as any person who "is unable or unwilling to return to . . . [her] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). The burden of proof is on the applicant to establish that she is a refugee. 8 U.S.C. § 1158 (b)(1)(B). To do so, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least *one central reason* for persecuting the applicant." *Id.* (emphasis added). Within the meaning of the statute, "central" has been defined to exclude grounds that are merely "incidental or tangential to the persecutor's motivation." *In re J-B-N- & S-M-*, 24 I.&N. Dec. 208, 214 (BIA June 25, 2007) (quoting 65 Fed. Reg. 76,588, 76,592 (Dec. 7, 2000)). Thus, if the protected ground "is only subordinate

to another (nonprotected) reason for the persecution, an applicant is ineligible for asylum." *Id*.

Monsalve's political opinion assertions of error fail. Though she tries to shoehorn her arguments to fit within the "political opinion" category, she does not actually claim that she was persecuted because of her political opinion or that imputed to her by the displaced street vendors. Rather, Monsalve asserts that the only reason she was targeted was because of her involvement in the vendor licensing program. Monsalve herself argues that the vendors were opposed to the program because it interfered with their right to work. She further states that she was not previously targeted even though she had been politically active long before her involvement in the licensing program. At most, Monsalve has only shown that displaced street vendors reacted violently to the licensing program, not that they sought to harm her because of her political convictions. There is no indication that the disgruntled vendors took out their frustrations on government employees for political reasons. If anything, the evidence suggests that their motivation was purely economic.

Largely the same analysis undergirds the determination that Monsalve has also failed to show that the BIA erred by finding that she was not persecuted because of her membership in a particular social group. We need not determine whether all former government employees who worked to implement the vendor licensing program were a recognized social group because Monsalve presented no evidence that a central reason for her persecution was the alleged membership in such a group, even if it did exist. She has failed to argue or provide any evidence that she would have been targeted if she had performed all of her duties *except* those connected to displacing vendors. Again, the evidence suggests that the motivating factor in the persecution was economic, or at least there is insufficient evidence to suggest otherwise.

Thus, the BIA did not err in its determination that Monsalve was not persecuted because of her political opinion—actual or imputed—or because of her membership in a particular social group. Monsalve has failed to show that she is a refugee for purposes of 8 U.S.C. § 1158.

## CONCLUSION

The petition for review of the BIA's determination is DENIED.