# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 8, 2021

Lyle W. Cayce
Clerk

No. 20-61185
Summary Calendar

Sergio Ivan Gutierrez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 684 272

Before Dennis, Higginson, and Costa, *Circuit Judges*.

Per Curiam:*

Sergio Ivan Gutierrez, a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of the Immigration Judge's (IJ) order denying his application for cancellation of removal. Gutierrez argues that the BIA erred by failing to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61185

recognize that he made a showing of "exceptional and extremely unusual hardship" to his qualifying relatives. *See* 8 U.S.C. § 1229b(b)(1)(D).

Originally, the Government argued that this court lacks jurisdiction to review the determination that petitioner did not demonstrate the requisite exceptional hardship for cancellation of removal. However, in light of a recent case decided by this court, *Trejo v. Garland*, 3 F.4th 760 (5th Cir. 2021), the Government now acknowledges that the court does have jurisdiction to review whether the events that would befall qualifying relatives upon removal would amount to "exceptional and extremely unusual hardship" as Congress intended. *Id.* at 764 ("Although 8 U.S.C. § 1252(a)(2)(B) deprives us of jurisdiction to review the discretionary decision of whether to actually grant cancellation of removal, recent Supreme Court precedent makes clear that applying a legal standard to established facts in order to determine whether an alien is *eligible* for discretionary relief is a question of law, not a discretionary decision."). Here, as in *Trejo*, Gutierrez "does not challenge the IJ or BIA's decision not to grant him cancellation of removal, but rather their determination that he did not legally qualify to be *considered* for cancellation of removal." *Id.* at 773. We have jurisdiction to review this determination.

"This court reviews only the decision of the BIA and not that of the IJ, except to the extent that the IJ's decision influenced the BIA's decision." *Gonzalez-Maldonado v. Gonzales*, 487 F.3d 975, 976 (5th Cir. 2007). Here, the BIA expressly adopted and affirmed the decision of the IJ. Accordingly, we may review the decision of the IJ. Factual findings of the BIA and IJ are reviewed for substantial evidence and questions of law are reviewed *de novo*, "giving 'considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer.'" *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007) (quoting *Fonseca-Leite v. INS*, 961 F.2d 60, 62 (5th Cir. 1992)).

No. 20-61185

Both parties agree that to show exceptional and extremely unusual hardship, Gutierrez must demonstrate that a qualifying relative would suffer hardship that is substantially beyond that which would ordinarily be expected to result from his departure. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001); *see also Trejo*, 3 F.4th at 775 (noting that every court to have considered the BIA's interpretation of 8 U.S.C. § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" language had concluded that it was reasonable and entitled to *Chevron* deference, and that the petitioner raised no counter arguments). Gutierrez's general statements about the country conditions in Mexico are not sufficient to meet this showing.

Gutierrez also argues that "if he is removed, the hardship his family would face is materially the same as the hardship presented in" *In re Recinas*, 23 I. & N. Dec. 467 (BIA 2002), a case in which the BIA found that a petitioner had shown exceptional and extremely unusual hardship would befall her qualifying relatives upon her removal. *Id.* at 473. In that case, however, the BIA emphasized the respondent's position as "a single parent who is solely responsible for the care of six children and who has no family to return to in Mexico." *Id.* at 471. According to the BIA, "[t]hese are critical factors that distinguish her case from many other cancellation of removal claims." *Id.* Here, Gutierrez testified that his wife and U.S.-citizen children would return to Mexico with him. The IJ found that the children would likely be able to adjust to school in Mexico, and that there was no evidence that they were actively seeking medical treatment or would not be given medical care in Mexico. Accordingly, as was true in *Trejo*, Gutierrez "has not shown that the events that the agency found would befall his U.S.-citizen children if he were removed amount to suffering substantially beyond the hardship usually associated with a parent's removal," and therefore he "has not shown that the IJ or BIA erred in applying the pertinent legal standard." *Trejo*, 3 F.4th at 775; *Singh v. Rosen*, 984 F.3d 1142, 1154-55 (6th Cir. 2021).

3

No. 20-61185

Because this court does have jurisdiction to review the BIA's decision that Gutierrez is not eligible for cancellation of removal, the Government's motion to dismiss is DENIED. However, for the reasons set forth above, Gutierrez's petition for review is also DENIED.