**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 94-41220**

---

**AGBAI UDEOCHU OPIE,**

**Petitioner,**

**VERSUS**

**IMMIGRATION AND NATURALIZATION SERVICE,**

**Respondent.**

---

Petition for Review of an Order of
the Board of Immigration Appeals

---

(October 2, 1995)

Before POLITZ, Chief Judge, HILL[1] and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

"Robert" Agbai Udeochu Opie seeks review of a final order of the Board of Immigration Appeals which denies (1) his request for adjustment of immigration status, (2) his application for waiver of deportation, and (3) his request for voluntary departure.

We AFFIRM.

---

[1]    Circuit Judge of the Eleventh Circuit, sitting by designation.

1

## BACKGROUND

On a date prior to April 30, 1988, Nigerian citizen "Robert" Agbai Udeochu Opie ("Opie") applied for a business visa to the United States. During the application process, Opie indicated that the purpose of his trip was to initiate an import/export business between the United States, Togo, and Nigeria. Specifically, he told the consular office that he planned to travel to Hollywood, California, where he intended to do business. He also stated that he was bringing $10,000 for the purpose of purchasing merchandise and facilitating business. On his visa application, Opie stated that he was married.

On April 30, 1988, Opie was admitted into the United States as a business visitor. His business visa allowed him to remain in the United States until July 14, 1988. Opie does not contest that he remained in the United States beyond July 14, 1988.

On December 7, 1988, Opie married an American citizen, Bertha Branch, in Dallas County, Texas. Opie lived with Branch and Branch's two children from a prior marriage.

On June 8, 1989, Opie was arrested for the unauthorized use of a credit card. He was convicted in a Texas state court and sentenced to probation for a term of four years. The state trial court judge issued a Judicial Recommendation against Deportation.

On April 5, 1989, Opie filed a Petition for Alien Relative and an Application for Permanent Residence.[2]  Opie also applied for (1) a waiver of inadmissibility pursuant to § 212(h) and § 212(i) of the Immigration and Nationality Act (the "ACT"), (2) an adjustment of his status to that of permanent resident pursuant to § 245 of the Act, and (3) a voluntary departure pursuant to § 244(e) of the Act.

On June 8, 1989, the Immigration and Naturalization Service ("INS") issued to Opie an order requiring him to show cause why he should not be deported.

On July 11, 1990, a hearing on the merits was held before an immigration judge.  The immigration judge ("IJ") found Opie to be deportable under § 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2),[3] because he was a nonimmigrant alien who remained in the United States longer than permitted.  The IJ denied Opie's requests for waiver of inadmissibility under §§ 212(h) and (i) of the Act and found that he was not eligible for an adjustment of status or voluntary departure under §§ 245 and 244(e) of the Act, respectively.  The IJ ordered Opie to be deported to Nigeria.

On October 6, 1994, the Board of Immigration Appeals ("BIA") affirmed the immigration judge and dismissed Opie's appeal.  The Board of Immigration Appeals' order was a final order.

Opie timely filed an appeal to this Court.

---

[2]  Opie's Alien Relative petition was approved on July 10, 1990.

[3]  Revised and redesignated as § 241(a)(1)(B) by § 602 of the Immigration Act of 1990.

3

**JURISDICTION**

This Court's jurisdiction arises under § 106 of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1105(a). The Act grants jurisdiction to the court of appeals to review final orders of deportation made against aliens within the United States.

**DISCUSSION**

On appeal, Opie does not contest his deportability. Rather, he contests the BIA's denial of his requests for relief from deportation. Specifically, Opie contends that the BIA erred in denying his request for (1) waiver of inadmissibility under §§ 212(h) and (i), (2) adjustment of status under § 245, and (3) voluntary departure under § 244(e). Opie also contends that the BIA erroneously considered his criminal conviction when weighing the equities and determining his moral character. Finally, Opie contends that the BIA erred when it held that he or his family would have to suffer "extreme hardship" as a result of deportation in order for him to qualify for the relief sought. We will address each issue in turn.

"We review final orders of deportation issued by the BIA, examining questions of law de novo, but examining factual findings, such as a finding that an alien is not eligible for the withholding of deportation, solely to see if such findings are supported by substantial evidence." **Fonseca-Leite v. I.N.S.**, 961 F.2d 60, 62 (5th Cir. 1992) (internal citations omitted). "In conducting our reviews we are constrained to give considerable deference to the

4

BIA's interpretation of the legislative scheme it is entrusted to administer." **Id**. at 62 (citing **Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.**, 467 U.S. 837, 104 S. Ct. 2778, 81 L.Ed.2d 694 (1984)).

Opie contends that, with the exception of his current status of inadmissibility which resulted from his criminal conviction, he meets the eligibility requirements for adjustment of status under § 245 of the Act. Further, Opie argues that his inadmissibility should be waived under the discretionary provisions of either § 212(h) or § 212(i) of the Act. Opie claims that, in denying him a waiver of inadmissibility, the BIA placed inordinate weight on the falsehoods in his nonimmigrant visa application and failed to give sufficient weight to the hardships that he says he and his family will suffer if he is deported. He argues that the hardships flowing from his deportation are extreme and, coupled with his positive equities in the United States, outweigh his criminal conviction and the falsehoods he made to gain admittance into the United States. Opie also contends that the state court judicial recommendation against deportation ("JRAD") estops the IJ and BIA from considering his conviction as a factor in the eligibility determination for voluntary departure. He claims that he demonstrated good moral character through evidence of family ties, community commitment, employment, and tax payments. Such equities, he claims, outweigh his conviction and falsehoods.

*Waiver*

The IJ found, and the BIA agreed, that Opie was ineligible for waiver under §§ 212 (h) and (i). Opie contends that their respective decisions are not supported by the evidence. Respondent has the burden of both establishing that he is statutorily eligible for the requested relief from deportation and that he merits a favorable exercise of discretion. 8 C.F.R. § 242.17(e). "We limit our review to whether denial of a waiver was arbitrary, irrational, or contrary to law." **Molenda v. INS**, 998 F.2d 291, 293 (5th Cir. 1993) (internal citations omitted).

In reaching its determination, the BIA considered Opie's false statements regarding his marital status, his false statements regarding the amount of money that he was bringing with him to the United States, the lack of effort he made towards any business venture upon his arrival in the United States, the false statements he made to an employer about his work eligibility, his preconceived intent to remain in the United States without authorization, and his criminal conviction for credit card fraud. As to equities, the BIA considered his family ties, his relationship to his step-children, his employment history, his tax payments, and the hardships that would be visited upon both he and his family as a result of deportation.

We find that Opie's claim that the BIA did not carefully consider all of the evidence presented is not supported by the record. In its opinion, the BIA discusses many factors which it considered in reaching its decision. "The BIA need not write an

6

exegesis on every contention...." **Ghassan v. INS**, 972 F.2d 631, 636 (5th Cir. 1992), cert. denied, ___ U.S. ___, 113 S. Ct. 1412, 122 L.Ed.2d 783 (1993) (internal citations omitted). "Rather, its opinion must reflect that it has heard and thought and not merely reacted." **Id**. at 636 (internal citations omitted). We find that the order of the BIA evinces a careful consideration of all of the evidence presented.

Opie also argues that the BIA applied the wrong standard when it considered waiver under § 212 (i) of the Act. Opie contends that the BIA erroneously applied the "extreme hardship" standard in its § 212 (i) determination. Opie claims that the correct standard under a § 212 (i) determination is one requiring "a showing of unusual even outstanding equities." The government disagrees and argues that the BIA applied a standard of balancing "hardship" and equities.

We agree that it is unclear which standard the BIA applied in its § 212 (i) waiver determination. However, because § 212(i) does not expressly provide for standards governing how the Board's discretion should be exercised, the Attorney General has unusually broad discretion in granting or denying waivers. **Molenda**, 998 F.2d at 293. Yet, regardless of which standard applies, after a careful review of the record, we believe that the evidence supports a denial of § 212 (i) waiver under either standard.

After carefully reviewing the record and the BIA's opinion, we find that the BIA decision is reasoned, supported by substantial evidence, and not arbitrary, irrational, or contrary to law.

Accordingly, the BIA did not abuse its discretion in denying Opie §§ 212 (h) and (i) waiver relief.

*Adjustment of Status*

Opie next contends that the BIA abused its discretion by denying his application for adjustment of status because it failed to consider significant equities in his case. However, because Opie did not receive a waiver of inadmissibility, he is not entitled to an adjustment of status. 8 U.S.C. § 1255(a). Accordingly, the BIA's denial of Opie's § 1255 request for adjustment of status is not clearly erroneous and does not constitute an abuse of discretion.

*Voluntary Departure*

Finally, Opie argues that the BIA erroneously denied his request for voluntary departure pursuant to 8 U.S.C. § 1254(e). In relevant part, § 1254 states,

> [T]he Attorney General may, in his discretion, permit any alien under deportation proceedings...to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately proceeding his application for voluntary departure...."

8 U.S.C. § 1254(e). Relief under § 1254(e) is granted at the Attorney General's discretion. The burden is on the party seeking relief to show that he is entitled to it.

The immigration judge extensively reviewed the facts in this case and found that Opie lacks the requisite good moral character to qualify for voluntary departure. The BIA expressly affirmed the

8

IJ's finding. Upon a complete and de novo review of the record, we find that the BIA' denial of relief for voluntary departure under § 1254(e) is neither clearly erroneous, nor an abuse of discretion.

*Judicial Recommendation Against Deportation*

Finally, Opie claims that a state trial court "Judicial Recommendation Against Deportation," which was issued in connection with Opie's credit card conviction, estops the BIA from considering his criminal conviction in connection with his petitions for waiver, adjustment of status, and voluntary departure. Opie did not raise this issue before the administrative court.[4] "We need not consider issues raised for the first time on appeal." **Insilco Corp. v. United States**, 53 F.3d 95, 100 (1995). Accordingly, we will not consider this issue.

## CONCLUSION

For the foregoing reasons, the decision of the Board of Immigration Appeals is AFFIRMED.

---

[4] In fact, we note that Opie held the opposite position before the BIA. In his the brief to the BIA, Opie stated: "Respondent acknowledges that the criminal conviction is a valid factor for consideration in a discretionary determination."