MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
ORLANDO L. GARCIA, District Judge.
This is a habeas corpus proceeding seeking review of a decision of the Board of Immigration Appeals (BIA) reversing the decision of the Immigration Judge (IJ) and ordering petitioner’s exclusion from the United States.[1] 18 U.S.C. § 1105a(b).
*552 Petitioner, Hilda Compean-Guevara, is a Mexican citizen who obtained permanent resident status in the United States in 1989. She was detained in October 1992 upon her return from Mexico to the United States while attempting to assist her brother-in-law to enter the United States illegally. She was placed in exclusion proceedings and charged by the Immigration and Naturalization Service (INS) with being an excludable alien. Petitioner sought a waiver of excludibility pursuant to 8 U.S.C. § 1182(d)(ll). The IJ found petitioner was eligible for the waiver and found, based on the evidence in the record, that the waiver should be granted. The BIA disagreed with the IJ’s interpretation of § 1182(d)(ll), sustained the INS’s appeal, and ordered petitioner excluded and deported from the United States.
The only issue is one of statutory interpretation. The decisions of the IJ and the BIA are based on divergent readings of § 1182(d)(ll). The BIA’s legal conclusions are reviewed de novo. Opie v. Immigration & Naturalization Service, 66 F.3d 737, 739 (5th Cir.1995). The Court, however, will “accord deference to the Board’s interpretation of immigration statutes unless there are compelling indications that the Board’s interpretation is wrong.” Campos-Guardado v. Immigration & Naturalization Service 809 F.2d 285, 289 (5th Cir.1987), accord Opio, 66 F.3d at 739. The Court finds the BIA’s interpretation of § 1182(d)(ll) to be reasonable and correct.
Section 1182(d)(ll) reads:
The Attorney General may, in his discretion for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of clause (i) of subsection (a)(6)(E) of this section in the case of any alien lawfully admitted for permanent residence who temporarily pro-eeeded abroad voluntarily and not under an order of deportation, and who is otherwise admissible to the United States as a returning resident under section 1181(b) of this title and in the case of an alien seeking admission or adjustment of status as an immediate relative or immigrant under section 1153(a) of this title (other than paragraph ft) thereof) if the alien has encouraged, induced, assisted, abetted, or aided only the alien’s spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.
(Emphasis added). In 1990, the Act read as above without the emphasized language. The emphasized language was added by the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (MTINA).[2] Clearly, section 1182(d)(ll) as originally enacted, limited eligibility for waiver to lawful permanent aliens who attempted to smuggle into the United States a spouse, parent, son, or daughter. Petitioner contends the MTINA amendment eliminated this immediate-family-member restriction for permanent resident aliens returning from a temporary visit abroad, applying it instead only to the new class of aliens eligible for waiver, that is, aliens seeking admission or adjustment of status as the immediate relative or as a family-based immigrant except for brothers and sisters of United States citizens. The BIA found that the 1991 amendment added only an additional class of aliens eligible for waiver, and retained the immediate-family-member restriction for both classes.
Petitioner’s argument relies solely on grammatical theory (which is in turn supported by one E.D. Johnson’s “Handbook of Good English”) that in essence depends for its validity on the absence of a comma follow *553 ing “(other than paragraph (4) thereof)”. On the contrary, in interpreting a statute, the court must look not to a single sentence, a member of a sentence, or a punctuation mark (or its absence), but “to the provisions of the whole law, and to its object and policy.” United States Nat’l Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 455, 113 S.Ct. 2173, 2182, 124 L.Ed.2d 402 (1993). To accept petitioner’s hypothesis would significantly alter the purpose of the waiver as originally drafted with absolutely no basis in the legislative record. In fact, all indications are to the contrary.
Prior to its amendment, 8 U.S.C. § 1182(6)(E)(i) provided that “(a)ny alien who at any time shall have, knowingly and for gain, encouraged, induced, assisted, abetted or aided any other alien to enter or to try to enter the United States in violation of law,” was excludable. The parallel provision, 8 U.S.C. § 1251(a)(1)(E)®, rendered such aliens deportable. The Immigration Act of 1990 eliminated the requirement that the smuggling had to have been “for gain,” thus providing that an alien involved in smuggling other aliens is excludable, irrespective of whether the smuggling was “for gain.” In so doing, however, Congress, to mitigate the increased harshness of the new policy, allowed for a discretionary waiver of the exclusion or deportation of the alien only if the alien was a permanent resident who had encouraged, induced, assisted, abetted, or aided his or her “spouse, parent, son or daughter (and no other individual)” to enter the United States illegally. Parallel changes were made to the section dealing with alien smuggling as a ground for deportation. 8 U.S.C. § 1251(a)(l)(E)(iii).
It makes no sense to create one waiver for lawful permanent residents and another for those seeking admission or adjustment of status as certain family members. To accept petitioner’s theory would mean that returning lawful permanent residents could apply for the waiver irrespective of whether they had been paid or whom they had attempted to smuggle. It could also potentially defeat the deportability restriction by allowing a permanent resident eligible for deportation for smuggling a non-immediate family member to voluntarily depart the United States prior to deportation proceedings and present himself or herself for reentry, thus becoming eligible for the more lenient exclusion standards. This cannot have been Congress’s intent. Nor is it reasonable to treat lawful permanent resident aliens more generously in exclusion proceedings than in deportation proceedings. MTI-NA made no similar changes in the eligibility requirements for waiver of deportation for permanent residents engaged in alien smuggling.
The Court agrees with the BIA that the purpose of the 1991 amendments was simply to expand the classes of aliens eligible for waiver of exclusion and not to delete the eligibility requirements for lawful permanent residents that Congress had only recently created. Far from “carefully and methodically” overthrowing the statutory plan Congress had crafted in 1990 by its insertion in 1991 of the additional phrase in § 1182(d)(ll), the Court agrees with the BIA that the additional language of the 1991 amendments “was simply inserted ... as written, with no grammatical adjustment.” No other interpretation would harmonize with Congress’s intent as expressed in the entire Act. While the addition of the comma would have crystallized that intent, its absence will not defeat the clearly discernible purpose of Congress that waiver for permanent aliens should continue to apply only in limited instances. See United States Nat’l Bank, 508 U.S. at 461-63, 113 S.Ct. at 2186 (courts should disregard the punctuation, or repunctuate if need be, to render the true meaning of the statute).
It is therefore ORDERED that the Board of Immigration Appeals is dismissed as respondent in this case, and that Daniel Solis, Acting District Director of the Immigration and Naturalization Service, is substituted as respondent in place of Richard M. Casillas, the former District Director of the INS. Petitioner’s Motion for Leave to Amend Petition for Writ of Habeas Corpus, and her Motion to Substitute Party for Defendant, both filed February 20, 1995, are both DENIED AS MOOT. It is further ORDERED that the decision of the BIA is affirmed and *554 that the petition for writ of habeas corpus is DENIED.

. The petition originally listed the BIA and Richard Casillas as respondents. The BIA is not a proper respondent in this habeas corpus proceeding because it does not have custody of petitioner. See 28 U.S.C. §§ 2242 and 2243. Petitioner has recognized this and has filed a motion to amend her petition to drop the BIA and also to modify her jurisdictional allegations. She has *552 also filed a motion to substitute Daniel Solis, Acting District Director of the INS as respondent. Mr. Solis has replaced Mr. Casillas, the director at the time the petition was filed. Mr. Solis will be automatically substituted pursuant to Fed.R.Civ.P. 25(d). The Court will deny both of petitioner's motions as moot because they were not filed until this order had already been prepared. Further, the Court will drop the BIA as a respondent on respondent's motion, and does not need an amended petition to recognize the sources of its own jurisdiction.

. The relevant language of MTINA reads:
Section 212(d)(ll) [1182(d)(ll)] of the INA, as added by section 601(d)(2)(F) of the Immigration Act of 1990, is amended by inserting "and in the case of an alien seeking admission or adjustment of status as an immediate relative or immigrant under section 203(a) (other than paragraph (4) thereof)” after “section 211(b) [1181(b)].”