**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-60675
Summary Calender

JAGTAR SINGH,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
(A73-728-423)

October 4, 1999

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jagtar Singh petitions for review of an order of the Board of Immigration Appeals ("BIA" or "Board") dismissing his appeal of the immigration judge's ("IJ") order denying his application for asylum and withholding of deportation. He argues that he is entitled to asylum because he was persecuted while living in India and that he has well-founded fear that he will be persecuted if he returns there. He avers that the BIA's decision denying him refugee status for past persecution is not supported by substantial evidence and that the BIA did not give meaningful consideration to his evidence

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

that his fear of return is well-founded.

BACKGROUND

Petitioner, a native of Punjab, India, entered the United States without inspection in 1994 and applied for political asylum. In March 1995, Petitioner was served with an order to show cause as to why he should not be deported. Petitioner conceded deportability and applied for political asylum. An evidentiary hearing was held before an IJ at which Petitioner was the sole witness.

Petitioner contends that he is a member of the All India Sikh Student Federation ("AISSF"), an organization that supports the creation of an independent Sikh nation. In his testimony, petitioner described five incidents of arrest and torture based on his Sikh religion and membership in AISSF. During each incident of arrest, Petitioner was detained for several days at a time, hung upside down, beaten with bamboo sticks and provided minimal food and water. Petitioner was told during each detention that he was being arrested due to his Sikh faith and affiliation with AISSF. Petitioner was released from detention during each arrest only after payment of a bribe. Petitioner's release after the fifth and final arrest was made to look like an escape, at which time a warrant was issued for Petitioner's arrest for escape from prison.

During his testimony before the IJ, Petitioner was asked about factual issues with respect to AISSF. Specifically, he was asked about which faction of the AISSF he belonged to, whether the

faction he belonged to engaged in terrorism and about certain Punjab elections boycotted by AISSF. Petitioner could not recall specific facts in response. In addition, Petitioner no longer observed the Sikh requirement of wearing a beard and a turban. However, Petitioner did testify to examples of torture and beatings in Punjab, the outstanding warrant for his arrest and the danger of further torture upon his return to India.

The IJ denied asylum, stating that he did not find the Petitioner an entirely credible witness. Upon review by the Board, the decision of the IJ was upheld. The Board noted that the IJ had not rendered a specific adverse credibility finding, but subsequently recited the inconsistencies and failure of memory of the Petitioner in his testimony before the IJ. The Board also dismissed Petitioner's claim that he faced persecution in India due to the arrest warrant because the arrest warrant was not due to Petitioner's religion or political beliefs, but rather on the fact that he was an escaped detainee.

STANDARD OF REVIEW

It is well-settled that this court may only review the findings of the Board and not those of the IJ, except to the extent the findings of the IJ influenced the findings of the Board or the Board explicitly adopted the findings of the IJ. *See* Abdel-Masieh v. INS, 73 F.3d 579 (5th Cir. 1996). We review legal conclusions of the Board *de novo*. Rivas-Martinez v. INS, 997 F.2d 1143 (5th Cir. 1993). We review findings of fact to determine if they are

based on substantial evidence in the record.   <u>INS v. Elias-Zacarias</u>, 502 U.S. 478 (1992).


ANALYSIS

An applicant is eligible for asylum in the United States if he either (1) has been subject to past persecution or (2) has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular group or political opinion. 8 U.S.C. §§ 1158(a), 1101(a)(42)(A).   An applicant for asylum establishes a well-founded fear of persecution if a reasonable person under the circumstances would fear persecution. *See* <u>Guevara Flores v. INS</u>, 786 F.2d 1242, 1249 (5th Cir. 1986).   However, a reasonable person can fear persecution even if he cannot prove that persecution will necessarily occur in the future.   *See* <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987) ("one can certainly have a well-founded fear . . . when there is less than a 50% chance of the occurrence taking place").

In the present case, the Board ruled that Petitioner had neither suffered past persecution or had a well-founded fear of future persecution, and accordingly denied asylum.   Petitioner contends that the Board's decision is not supported by substantial evidence and that the Board failed to consider portions of the evidence before it.   In making such a claim, the Petitioner has the burden to "show that the evidence he presented is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."   <u>Jukic v. INS</u>, 40 F.3d 747, 749 (5th Cir. 1994)

(*citing* Elias-Zacarias, 502 U.S. at 483).

Respondent contends that this court should review the decision of the Board in the same manner as a judgment as a matter of law under Fed. R. Civ. P. 50(a), i.e., that the Board should be affirmed if, in light of the entire record, Petitioner is not eligible for asylum. Respondent misstates the law. This court may only review the decision of the Board and may not review the decision of the IJ unless it is adopted by the Board or it clearly influenced the Board. Abdel-Masieh, 73 F.3d at 583; Mikhael v. INS, 115 F.3d 299, 306 (5th Cir. 1997). In such review, it is clear that we must limit ourselves to the stated findings of the Board solely to determine if they are supported by substantial evidence. Elias-Zacarias, 502 U.S. at 481. Accordingly, we reject the Respondent's contention that we may review the entire record to determine if it supports a denial of asylum, and review solely the findings of the Board to determine if they are supported by substantial evidence in the record.

In reviewing decisions of the Board, this court does not substitute its judgment for that of the Board or the IJ and will not under any circumstances review decisions turning solely on determinations of credibility. Zhu Yu Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). However, where the Board has failed to meet its responsibility in reviewing the entire record and basing its findings on substantial evidence contained in the record, then this court must insist on such compliance. Abdel-Masieh, 73 F.3d at 585 (*citing* Sanon v. INS, 52 F.3d 648, 652 (7th Cir. 1995)). We do not

require that the Board address every minute issue of fact, but the decision of the Board must "reflect a meaningful consideration of the relevant substantial evidence supporting the alien's claims." Abdel-Masieh, 73 F.3d at 585; Opie v. INS, 66 F.3d 737, 740 (5th Cir. 1995) ("the BIA's opinion must reflect that it has heard and thought and not merely reacted").

In the present case, the Board's decision does not provide an adequate basis for review and does not reflect that the Board gave meaningful consideration to all relevant evidence presented by the Petitioner. It is unclear whether or not the Board relied on the IJ's adverse credibility finding in concluding that the Petitioner had not met his burden of proving a well-founded fear of persecution -- noting that the IJ did not make such a determination but further dedicating the majority of its decision to the Petitioner's credibility. Because it is unclear if the Board is adopting the IJ's credibility finding, it is impossible for this court to properly review the Board's holding. In addition, the Board makes no reference to key portions of the Petitioner's testimony with respect to his presence on a police "black list", the murder of several of his colleagues on the "black list" and a letter from the Petitioner's father claiming he was beaten by the police, raising a question as to whether the findings were based on substantial evidence in the record above and beyond a finding of credibility. Accordingly, we hold that the decision of the Board is not based solely on a determination of credibility and that the decision of the Board does not reflect meaningful consideration of

the relevant evidence.

In such a situation, this court must insist on compliance by the Board, but may not supplement its efforts. <u>Mikhael</u>, 115 F.3d at 306; <u>Abdel-Masieh</u>, 73 F.3d at 585. A holding of the Board may only be reversed if "the evidence not only supports [reversal], but compels it." <u>Elias-Zacarias</u>, 502 U.S. at 481, fn1. Where, as in the present case, the Board has failed to address much of the Petitioner's key evidence, including his own testimony, and has failed to sufficiently state its reasoning for its findings, we must remand to the Board so that it may properly do so. *See* <u>Mikhael</u>, 115 F.3d at 306 (holding that where the BIA has erred, remand is the proper remedy). Although upon review of the record, it appears that the evidence is strong enough to grant asylum based on a well-founded fear of future persecution, the record does not necessarily compel such conclusion sufficiently to justify reversal at this time. Thus, remand is the proper recourse so that the Board may meet its obligations to perform a meaningful review of the relevant evidence.

### CONCLUSION

For the reasons assigned, the petition for review is GRANTED and the order of the Board is VACATED and REMANDED for further proceedings consistent with this opinion.