IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60564
Summary Calendar
_____

TOORAGE RAHBAR AZAD,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

--------------------

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 75 219 471

--------------------

October 13, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Toorage Rahbar Azad, a citizen of Iran, petitions for review
of an order of the Board of Immigration Appeals (BIA) dismissing
his petition for asylum.  He argues that the BIA's decision fails
to indicate that it gave meaningful consideration to his evidence
showing that his fear of return is well-founded.  He also argues
that the BIA erroneously applied the legal standard governing
asylum claims.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

"While we do not require that the BIA address evidentiary minutiae or write any lengthy exegesis," we do require that the BIA's decision reflect that it gave meaningful consideration to all the relevant evidence regarding the fear of future persecution. <u>Abdel-Masieh v. INS</u>, 73 F.3d 579, 585 (5th Cir. 1996). The BIA's opinion must "'reflect that it has heard and thought and not merely reacted.'" <u>Opie v. INS</u>, 66 F.3d 737, 740 (5th Cir. 1995) (citation omitted).

The BIA did not adopt the findings of the immigration judge, and its own findings were especially limited. In particular, the BIA failed to discuss the factor that precipitated Azad's flight from Iran, the authorities' arrest of a Mojahedin operative with whom Azad had links. Azad testified that he had aided the operative by renting her an apartment in his own name and that the operative was a frequent visitor to his shop. Likewise, the BIA's decision reflects no consideration of the danger someone such as Azad would face in Iran once he had been linked with the Mojahedin. Thus, even though the BIA assumed that Azad's testimony was credible, it rejected his application without any indication that it had considered the substance of his claim. The BIA's decision mentioned only one fact, that Azad's father had been detained after his son fled from Iran, and there is no indication that even that particular fact was considered as corroboration of Azad's other testimony (including testimony that Azad was denied admission to a university because he was suspected to be a dissident and that two of his friends were arrested and executed for Mojahedin membership). The BIA's

decision does not "reflect that it has heard and thought and not merely reacted." Opie, 66 F.3d at 740.

Citing INS v. Aguirre-Aguirre, 119 S. Ct. 1439, 1449 (1999), and Sanchez v. INS, 755 F.2d 1158, 1161-62 (5th Cir. 1985), the INS insists that the BIA's decision was sufficient. In Aguirre-Aguirre, the Supreme Court noted that the alien had failed to submit a brief to the BIA. 119 S. Ct. at 1449. In language that the INS now quotes in part, the Court stated that "[i]n these circumstances, the rather cursory nature of the BIA's discussion does not warrant reversal." Id. In contrast, Azad did brief the issue of whether he had shown a credible fear of persecution. Aguirre-Aguirre does not authorize "cursory" consideration by the BIA in these circumstances. Our decision in Sanchez is also inapposite, because there we concluded that "there [was] language in the record" indicating that "all of Sanchez's arguments" had been considered. 755 F.2d at 1162. Accordingly, Sanchez is consistent with our cases requiring the BIA to show in its decisions that it has given meaningful consideration to an alien's application. Abdel-Masieh, 73 F.3d at 585; Ganjour v. INS, 796 F.2d 832, 839 (5th Cir. 1986); Ramos v. INS, 695 F.2d 181, 186 (5th Cir. 1983).

Azad also argues that the BIA erroneously applied the legal standard governing asylum claims by requiring that he prove likely persecution in Iran. He notes that the BIA's order indicated that it was denying relief because he had not "establish[ed] that [he] is wanted by any authority in that

country on the basis of his political opinion." The INS characterizes this statement as "loose language."

Our decision in Mikhael v. INS, 115 F.3d 299, 305 (5th Cir. 1997), controls. There, the order adopted by the BIA required the alien to prove that "'he would be subject to persecution if deported.'" Id. The remainder of the order "dispelled any doubts about the soundness of [its] analysis" when it concluded that Mikhael "'must still show that he will be persecuted.'" Id. We vacated the order of deportation and remanded for reconsideration under the proper analysis. Id. at 306. Azad's case is indistinguishable. As in Mikhael, the BIA's order correctly identified that the issue was whether Azad could show a "well-founded fear of persecution." Nevertheless, the BIA "abandoned" this course when it analyzed the evidence. Mikhael, 115 F.3d at 305. At that time, the Board indicated that Azad's evidence "[did] not establish that [he] is wanted by any authority in that country on the basis of his political opinion." Further, the BIA "dispelled any doubts about the soundness of [its] analysis," Mikhael, 115 F.3d at 305, when it concluded that "[h]aving failed to establish that point, the respondent's request for relief will be denied." As in Mikhael, we must vacate the BIA's order and remand for reconsideration.

For the foregoing reasons, Azad's petition for review is GRANTED, and the order of the BIA is VACATED. We REMAND the matter to the BIA for further proceedings consistent with this opinion. We do not, however, intimate what conclusion the BIA should reach on remand.