**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-60469

AMERICO BELTRAN-RESENDEZ,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICES,

Respondent,

Petition for Review of an Order of the
Board of Immigration Appeals

April 3, 2000

Before KING, Chief Judge, REAVLEY, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

This case involves a petition to review the Board of Immigration Appeals ("BIA") ruling which affirmed the Immigration Judge's denial of the petitioner's request for registry. For reasons assigned below, we deny the petition.

FACTUAL AND PROCEDURAL HISTORY

Americo Beltran-Resendez ("Beltran-Resendez") is a 30 year-old native and citizen of Mexico. He entered the United States in 1970 without being inspected by an immigration officer. He married a United States citizen, and has three children who are United States citizens.

In 1995, the Immigration and Naturalization Services ("INS") issued Beltran-Resendez an order to show cause why he should not be deported. The order alleged that Beltran-Resendez was deportable as a native and citizen of Mexico who entered the United States in 1970 without being inspected by an immigration officer. Beltran-Resendez conceded his deportability, but notified the Immigration judge that he intended to file an application for registry under § 249 of the Immigration and Nationality Act, 8 U.S.C. § 1259.

In response to Beltran-Resendez's application for registry, the INS submitted documents indicating that Beltran-Resendez was sentenced to 65 days in jail in March 1987 for possession of PCP, and was convicted for felony robbery and sentenced to 150 days in jail and 36 months probation. Furthermore, the immigration judge received documents indicating that Beltran-Resendez pleaded guilty in 1996, approximately a year after the order to show cause was filed, to four counts of falsely claiming to be a United States Citizen and four counts of using a false social security number on an Employment Eligibility Verification form in violation of 18 U.S. C. § 911, 42 U.S.C. § 408. At the order to show cause hearing, Beltran-Resendez did not challenge the submission of the documentation into evidence nor did he contest the underlying convictions.

The immigration judge determined that Beltran-Resendez failed to sustain his burden of proof that he was nonineligible for citizenship due to his criminal record. The immigration judge also pretermitted Beltran-Resendez from introducing testimony to demonstrate his "good moral character" due to his convictions for giving false information on an Employment Verification Form. Consequently, the immigration judge denied Beltran-Resendez's application for registry and issued an order for his deportation. Beltran-Resendez appealed the immigration judge's decision to the BIA, which affirmed the immigration judge in a per curiam opinion. Beltran-Resendez now seeks review of the rulings below.

DISCUSSION

Beltran-Resendez claims that the immigration judge erroneously denied his application for registry. Specifically, he claims that the immigration judge improperly pretermitted him from presenting evidence to demonstrate his good moral character.

A.    Jurisdiction

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, ("IIRIRA"), Pub. L. No. 194-208, 110 Stat. 2009, have placed significant limitations on appellate

2

jurisdiction to review final orders of the BIA.  See Witter v. INS, 113 F.3d 549, 552, n.4 (5th Cir. 1997).  However, those limitations are not applicable to deportation proceedings initiated before April 1, 1997.  See IIRIRA § 309 (c) ( "§ 309(c)" or "section 309(c)").   Because Beltran-Resendez deportation proceedings commenced before April 1, 1997, the "new rules" do not apply, but rather the transitional rules govern.  Under the transitional rules, petitions for review from final orders of deportation entered more than 30 days after enactment of the new rules (October 30, 1996) "must be filed not later than 30 days after the date of the final order of . . . deportation."  Id. § 309 (c)(4)(C).  The record indicates that Beltran-Resendez filed his petition within the 30-day time period.  As such, Beltran-Resendez's petition is timely, and this court has jurisdiction to review the order below.

A.      Standard of review

Generally, in immigration cases, we review only the decision of the BIA, not that of the immigration judge.  Carbajal-Gonzalez v. INS, 78 F.3d 194 196 (5th Cir. 1997)(citation omitted).  We consider the immigration judge's decision only to the extent that it affects the BIA's decision.  Id. We will not disturb a factual finding made below if that finding is supported by substantial evidence. Fonseca-Leiter v. INS, 961 F.2d 60, 62 (5th Cir. 1992).  "The substantial evidence standard requires only that the [BIA]'s conclusion be based upon the evidence presented and that it be substantially reasonable."  Wilson v. INS, 43 F.3d 311, 213 (5th Cir. 1995).  However, we review questions of law de novo.  Fonseca-Leiter, 961 F.2d at 61.

B.      Denial of registry

Beltran-Resendez sought relief below from deportation by applying for registry.  "Registry" permits the Attorney General, in her discretion, to record the lawful permanent residency of eligible aliens.  See 8 U.S.C. § 1259.  An applicant seeking registry must demonstrate that (1) he entered the United States prior to January 1, 1972; (2) he has had his residence in the United States continuously since such entry; (3) he is a person of good moral character, (4) he is nonineligible for citizenship under 8 U.S.C. § 1182(a)(3)(E) or under 8 U.S.C. § 1182(a) insofar as it relates to criminals,

3

procurers and other immoral persons, subversives, violators of the narcotic laws, or smugglers of aliens, and is not deportable under 8 U.S. C. § 1227(a)(4)(B). See id. The applicant bears the burden of proving that he satisfies the requirements for registry. See Opie v. INS, 66 F.3d 737, 739 (5th Cir. 1995). The issues before us pertain to the "good moral character" and "nonineligible for citizenship" requirements.

Good moral character is defined in 8 U.S.C. § 1101(f) ("section 1101(f)" or "§ 1101(f)"). Section 1101(f) identifies eight categories of conduct that pretermit a finding of good moral character. Pertinent to this case, § 1101(f) provides that conduct that involves giving false testimony for the purposes of obtaining any benefits under the Immigration and Nationality Act pretermits a finding of good moral character. The BIA found that the immigration judge correctly determined that Beltran-Resendez "lacks good moral character because he attested, under penalty of perjury, that he is an American citizen on his employment I-9 form." The immigration judge found that Beltran-Resendez's false claim of United States citizenship on his Employment Verification Form was tantamount to false testimony under § 1101(f). To the extent that the BIA's conclusion was based on the immigration judge's express finding that Beltran-Resendez's false claim of United States citizenship on the employment form was tantamount to false testimony under § 1101(f), we disagree that the false testimony provision under § 1101(f) includes false written statements. The Supreme Court has construed the term "testimony" to be limited to oral statements made under oath. Kungys v. United States, 485 U.S. 759, 780, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). Furthermore, in a recent case the Ninth Circuit observed that "statements [] written on [an] application for suspension of deportation [] were not statements 'made by a witness under oath to establish proof of a fact to a court or tribunal,' and therefore [do] not qualify as false testimony within the meaning of the statute." Bernal v. INS, 154 F.3d 1020, 1023 (9th Cir. 1998)(quoting Phinpathya v. INS, 673 F.2d 1013, 1019 (9th Cir. 1981), rev'd on other grounds, 464 U.S. 183, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984)). As such, we find that a false written statement is not false testimony under § 1101(f).

Nonetheless, we find this error harmless. Beltran-Resendez failed to challenge

documentation the INS introduced into evidence regarding prior criminal convictions. Therefore, the BIA correctly concluded that Beltran-Resendez failed to sustain his burden of proof that he was nonineligible for citizenship under 8 U.S.C. § 1182(a). As such, the BIA's order, which affirmed the immigration judge's pretermission of Beltan-Resendez's efforts to introduce evidence of good moral character, is supported by substantial evidence.

CONCLUSION

Petition for review DENIED.