**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60140
Summary Calendar

_____


JEAN EUDES MUNYANDAMUTSA; MESSERET MUNYANDAMUTSA;
THEODROS MUNYANDAMUTSA; JOCELYNE MUNYANDAMUTSA,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

- - - - - - - - - -
Petition for Review of an Order
of the Board of Immigration Appeals
BIA Nos. A77-881-489, A77-881-490,
A77-881-491, A77-881-492
- - - - - - - - - -

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The petitioners, Jean Eudes Munyandamutsa (Jean), his wife Messeret Munyandamutsa (Messeret), and their children, Theodros Munyandamutsa and Jocelyne Munyandamutsa, whose claims are dependent upon their parents' claims, are natives and citizens of Rwanda, except for Messeret who was born in what was once a part of Ethiopia but which is now in Eritrea. They request review of the decision of the Board of Immigration Appeals (BIA), which affirmed the decision of the immigration judge (IJ) to deny their

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application for asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). We review only the BIA's decision except to the extent that the BIA adopted the IJ's decision. See Beltran-Resendez v. INS, 207 F.3d 284, 286 (5th Cir. 2000).

Jean has failed to show that the evidence compels a conclusion different from the conclusion reached by the IJ and the BIA that any mistreatment of Jean did not rise to the level of either persecution or torture and that the mistreatment was the result of a personal property dispute and not "on account of" Jean's ethnicity or political opinion. See Abdel-Masieh v. INS, 73 F.3d 579, 582-84 (5th Cir. 1996) (mistreatment neither severe nor on account of protected factor); Fleurinor v. INS, 585 F.2d 129, 132-34 (5th Cir. 1978) (mistreatment not at level of persecution); see also Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002) ("CAT does not require persecution, but the higher bar of torture."); 8 C.F.R. § 208.16(c)(2)(defining torture).

Messeret likewise failed to show that any inconvenience she faced in Ethiopia or any mistreatment she might face in either Ethiopia or Rwanda amounted to persecution or torture. See Efe, 293 F.3d at 907; Abdel-Masieh, 73 F.3d at 582, 584; Fleurinor, 585 F.2d at 132-34.

The petition for review is DENIED.

PETITION DENIED.