**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 3, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60971
Summary Calendar

_____

EVER TORRES-RIASCO,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 550 223
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

     Ever Torres-Riasco petitions this court for review of the

Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") order denying his application for

cancellation of removal pursuant to 8 U.S.C. § 1229b(b).  Torres-

Riasco challenges the IJ's finding that he failed to meet any of

the three requirements for cancellation of removal.  This court

reviews only the BIA's decision except to the extent that the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IJ's decision influenced the decision of the BIA. <u>See</u> <u>Beltran-Resendez v. INS</u>, 207 F.3d 284, 286 (5th Cir. 2000); <u>Mikhael v. INS</u>, 115 F.3d 299, 302 (5th Cir. 1997). Accordingly, because the BIA's decision rested solely upon the hardship requirement, the other requirements for cancellation of removal are not at issue.

Because this case involves the granting of relief under 8 U.S.C. § 1229b(b), the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(i) is implicated. <u>See</u> <u>Garcia-Melendez v. Ashcroft</u>, 351 F.3d 657, 661 (5th Cir. 2003). The jurisdiction-stripping provision eliminates jurisdiction over those decisions that involve the exercise of discretion. <u>Mireles-Valdez v. Ashcroft</u>, 349 F.3d 213, 216 (5th Cir. 2003). The IJ's determination that Torres-Riasco's spouse and child would not suffer an "exceptional and extremely unusual hardship" if Torres-Riasco were removed to Colombia involved the exercise of discretion. <u>Rueda v. Ashcroft</u>, 380 F.3d 831, 831 (5th Cir. 2004). Therefore, this court lacks jurisdiction to review the IJ's determination on hardship. The respondent's motion to dismiss the petition for lack of jurisdiction is GRANTED, and Torres-Riasco's petition is DISMISSED.