# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-60913
Summary Calendar

MIGUEL JIMENEZ-ZUNIGA

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71 538 956

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Miguel Jimenez-Zuniga, a native and citizen of Mexico, petitions this court for review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his application for cancellation of removal. Jimenez-Zuniga first argues that this court should limit its review to the IJ's decision because the BIA implicitly adopted the IJ's findings and reasoning. This court reviews only the BIA's decision, not that of the IJ, except to the extent that the IJ's decision influenced the BIA's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beltran-Resendez v. I.N.S., 207 F.3d 284, 286 (5th Cir. 2000). Because the BIA in this case provided its own reasoning as to why it agreed with the IJ's final result, our review is limited to the BIA's decision.

The BIA held that Jimenez-Zuniga's Florida state conviction for aggravated child abuse constituted a crime involving moral turpitude (CIMT), thereby rendering him ineligible for cancellation of removal. Pursuant to 8 U.S.C. § 1252(a)(2)(D), this court has jurisdiction to consider Jimenez-Zuniga's challenge to the legal question of whether his conviction constituted a CIMT. However, in keeping with his assertion that this court should review only the IJ's decision, Jimenez-Zuniga's main argument focuses solely upon the alleged inadequacy of the IJ's decision. To the extent that Jimenez-Zuniga has failed to challenge the BIA's decision, he has abandoned the merits of his petition. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Nevertheless, to the extent that Jimenez-Zuniga's argument may be construed as challenging the BIA's decision because the BIA agreed with the IJ's ultimate conclusion, Jimenez-Zuniga has failed to show that he warrants relief. When reviewing whether an alien has committed a CIMT, this court utilizes a two-part test and categorical approach, as set forth in Amouzadeh v. Winfrey, 467 F.3d 451, 455 (5th Cir. 2006). Our review of the relevant Florida statutes indicates that the BIA's determination that Jimenez-Zuniga's conviction for aggravated child abuse constituted a CIMT was reasonable. Hamdan v. I.N.S., 98 F.3d 183, 185 (5th Cir. 1996).

Jimenez-Zuniga's petition for review is DENIED.