# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2010

No. 09-60118
Summary Calendar

Lyle W. Cayce
Clerk

MANUEL NOVERON-RODRIGUEZ,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 700 540

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Noveron-Rodriguez filed a petition for review of the denial of his applications for cancellation of removal and voluntary departure. We lack jurisdiction to review the alternative purely discretionary determination by the Board of Immigration Appeals (BIA) that, even in the absence of a statutory bar, Noveron-Rodriguez failed to show good moral character and, therefore, he was not entitled to cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have jurisdiction to review whether Noveron-Rodriguez is statutorily precluded from establishing good moral character under 8 U.S.C. § 1101(f)(6) because he gave false testimony to the IJ in order to obtain an immigration benefit. *See Gonzalez-Maldonado v. Gonzales*, 487 F.3d 975, 977 (5th Cir. 2007). This determination is a question of law that we review de novo. *See id*. at 976.

Noveron-Rodriguez argues that the BIA's finding that he testified falsely was based on statements in his written application and that, under *Beltran-Resendez v. INS*, 207 F.3d 284, 287 (5th Cir. 2000), the written statements do not constitute false testimony. This case is distinguishable from *Beltran-Resendez* because Noveron-Rodriguez testified falsely under oath that the information in his cancellation of removal application was correct. *See Gonzalez-Maldonado*, 487 F.3d at 977 & n.3.

Noveron-Rodriguez argues that the BIA failed to follow its own precedent in *Matter of M___*, 9 I & N Dec. 118 (BIA 1960), in which the alien was permitted to make a timely retraction of incorrect information. This case is distinguishable from *Matter of M____* because Noveron-Rodriguez did not correct his false statements during the same hearing at which they were made; he corrected them approximately seven months later at the next hearing. He corrected some of his statements only after cross-examination by the Department of Homeland Security and the IJ, and he did not provide a sufficient explanation for testifying falsely. Although he acknowledged that he used a false Social Security number to obtain employment, his retraction was not voluntary because he had reason to believe that the IJ would discover his use of a false Social Security number on the tax returns he submitted in support of his application. *See Matter of Namio*, 14 I. & N. Dec. 412, 414 (B.I.A. 1973). For these reasons, he has not shown that the BIA erred in finding that he did not timely and voluntarily retract his false testimony.

PETITION DENIED.

2