# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2011

No. 10-60781
Summary Calendar

Lyle W. Cayce
Clerk

KIRTSTEN SANJOSE VELASCO; CARMEN SAN JOSE VELASCO; VIDAL MANAGO VELASCO,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 064 486
BIA No. A088 064 487
BIA No. A088 064 489

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Vidal Manago Velasco, his wife Carmen San Jose Velasco, and their son Kirtsten SanJose Velasco (the Velascos) are natives and citizens of the Philippines. They seek review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal from the Immigration Judge's (IJ's) denial of their applications for withholding of removal and protection under the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Convention Against Torture (CAT). They contend that they are entitled to withholding of removal and CAT protection because Vidal participated in rallies opposing the government of then President Gloria Arroyo and supporting past President Joseph Estrada. They testified that they received three letters threatening their lives, that another participant in the rallies (whose name they did not know) disappeared, that Kirtsten was followed when he returned to the Philippines for school, that they saw cars with no plates driving around their neighborhood, that their car window was smashed, and that Vidal's brother overheard people saying they would "take care of" the Estrada supporters.

Despite finding that the Velascos' credibility had been "shaken by inconsistencies and lack of specificity in their testimony," the IJ declined to find that they were not credible. The IJ reviewed their applications and found that the Velascos had failed to meet their burden of proving that they had suffered past persecution on account of their political opinions or that there was a clear probability that they would suffer future persecution if returned to the Philippines. With regard to the Velascos' application for protection under the CAT, the IJ found that they had failed to show that it was more likely than not that they would be tortured if removed to the Philippines and that they would be tortured with the acquiescence of a public official.

The BIA dismissed the appeal, erroneously stating that the IJ found the respondents not credible and concluding that the Velascos had not established that this determination was clearly erroneous. However, the BIA also found that the IJ provided an alternative decision on the merits, and it went on to review that decision. It found that the Velascos' testimony referred only to vague threats from unidentified sources and that there was no corroborative evidence to support their allegations. The BIA adopted and affirmed the IJ's conclusion that the Velascos failed to meet their burden of proof.

Notwithstanding the BIA's erroneous discussion of credibility, its remaining grounds for dismissing the appeal, i.e., those provided by the IJ,

provide a sufficient basis for this court to review the Velascos' petition. *See Beltran-Resendez v. INS*, 207 F.3d 284, 287 (5th Cir. 2000).

The BIA's denial of the Velascos' applications for withholding of removal is supported by substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The IJ correctly reasoned that the events described by the Velascos did not rise to the level of persecution, that they had failed to connect the threats to the Arroyo government, and that they failed to present any corroborating evidence to bolster their claims. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). As the IJ noted, the Velascos failed to present any evidence to corroborate their testimony. In addition, they failed to show a connection between the threats they received and members of the Arroyo government. The record does not compel the conclusion that the Velascos suffered past persecution in the Philippines. *See Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004). Therefore, the BIA reasonably concluded that the Velascos had failed to carry their burden of proof. *See id.*; *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006).

The Velascos did not present to the BIA their argument that they were part of a particular group being persecuted in the Philippines. This court therefore lacks jurisdiction to review this claim. *See Kane v. Holder*, 581 F.3d 231, 239 (5th Cir. 2009).

The Velascos' CAT claims are also without merit. They have not shown that the alleged death threats contained in the letters amounted to torture in that they have not shown "severe pain or suffering," either physical or mental, and they have not shown that the government issued the alleged death threats. *See Chen*, 470 F.3d at 1139; *Zhang v. Gonzales*, 432 F.3d 339, 345; (5th Cir. 2005); *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Accordingly, the Velascos have not satisfied their burden of demonstrating that it is more likely than not that they would be tortured if removed to the Philippines. *See Chen*, 470 F.3d

at 1139; 8 C.F.R. §§ 1208.16(c)(2); *see also, Hongyok v. Gonzales*, 492 F.3d 547, 551 (5th Cir. 2007).

Finally, this court lacks jurisdiction to review the Velascos' due process claims because they failed to exhaust those claims. *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *Roy*, 389 F.3d at 137.

The petition for review is DENIED.