**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

Lyle W. Cayce
Clerk

No. 10-60909
Summary Calendar

———————

PATRICIA DURAN-PEREZ, also known as Patricia Duran,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 635 381

———————

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Patricia Duran-Perez (Duran) petitions this court for review following the Board of Immigration Appeals' (BIA) dismissal of her appeal of the immigration judge's (IJ) determination that she was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). The BIA determined that based on the documentary evidence, which included the criminal complaint and the probation violation report reflecting the outstanding restitution amount exceeding $10,000,

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Duran did not meet her burden of showing that the prior conviction was not an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(M).

In general, this court lacks jurisdiction to consider challenges to a removal order where the alien is ordered removed on the ground that she has committed an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006). However, this court retains jurisdiction over constitutional and legal questions raised in a petition for review. *See* § 1252(a)(2)(D); *Hernandez-Castillo*, 436 F.3d at 519. Because Duran raises only constitutional and legal claims in her petition, we have jurisdiction to consider the petition. We review only the decision of the BIA and will consider the IJ's decision only to the extent that it affects the BIA's decision. *Beltran-Resendez v. INS*, 207 F.3d 284, 286 (5th Cir. 2000). The BIA's determinations on questions of law are reviewed de novo. *Id.* Constitutional claims also are reviewed de novo. *Danso v. Gonzales*, 489 F.3d 709, 712 (5th Cir. 2007).

Duran has not cited any statutory authority which requires that the record contain a transcript of the master calender hearing at which she admitted the factual allegations in the notice to appear. Further, Duran has not alleged any substantial prejudice resulting from the lack of the transcript. *See Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008). Accordingly, her assertion that the matter should be remanded based on a lack of transcript fails.

Duran argues that the BIA's determination whether her welfare fraud conviction qualified as an aggravated felony should only have been based on the record of her conviction. She maintains that the record was sufficient to show that the conviction was not an aggravated felony so as to preclude her from cancellation of removal. This argument is foreclosed by *Nijhawan v. Holder*, 129 S. Ct. 2294, 2299-03 (2009). Duran's petition for review is DENIED.