# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 14-60898
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2016

Lyle W. Cayce
Clerk

MOZAMMEL HOQUE, also known as Hoque Mozammel, also known as Mogammel Hoque,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 438 578

————————

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mozammel Hoque, a native and citizen of Bangladesh, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an order of the immigration judge denying a second motion to reopen proceedings. Finding no abuse of discretion warranting relief, we deny Hoque's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60898

request for remand to the BIA and deny the petition for review. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006).

We agree with Hoque that the BIA should have considered the State Department's 2013 international religious freedom (IRF) report submitted with and discussed in his brief to the BIA. *See* 8 U.S.C. § 1003.23(b)(3); *see also Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005); *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). However, the BIA's error is harmless because Hoque fails to demonstrate that he would be entitled to relief but for the error. *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009); *Beltran-Resendez v. INS*, 207 F.3d 284, 287 (5th Cir. 2000). The 2013 IRF report establishes no changed circumstances in Bangladesh excusing Hoque from the prohibitions against filing more than one motion to reopen and filing a motion to reopen more than 90 days after denial of immigration relief. *See* 8 U.S.C. § 1003.23(b)(1), (b)(4)(i). Comparing the 2013 IRF report with the 2009 and 2012 IRF reports shows that conditions in Bangladesh continued largely unchanged or arguably worsened only incrementally, neither of which provides a sufficient basis for disregarding the time and numerical limitations on motions to reopen. *See Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). Hoque fails to demonstrate an abuse of discretion requiring remand of his case to the BIA or reversal of the BIA's dismissal of his appeal. *See id.*

PETITION DENIED.