# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60691
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2018

Lyle W. Cayce
Clerk

ZULME MARYLOU RODRIGUEZ SANCHEZ, also known as Candelaria Lynes Cruz,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 425 153

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Zulme Marylou Rodriguez Sanchez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of an immigration judge (IJ) to deny her application for asylum and withholding of removal.  Rodriguez Sanchez asserted that she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60691

feared harm in Honduras from her abusive husband and that the Honduran authorities were unable or unwilling to protect her.

Acknowledging that she filed her asylum application after the one-year deadline expired, Rodriguez Sanchez argues that the immigration courts should consider it nonetheless because changed and extraordinary circumstances prevented her from timely filing it.  She first contends that BIA's decision in *Matter of A-R-C-G-*, 29 I. & N. Dec. 388 (BIA 2014), *overruled by Matter of A-B-,* 27 I. & N. Dec. 316, 317 (Att'y Gen. 2018), operated to change the law permitting her to file out of time.  "[C]hanges in applicable U.S. law" can constitute extraordinary circumstances so as to excuse the untimely filing of an asylum application.  8 C.F.R. § 1208.4(a)(4)(i)(B).  However, the BIA determined that even if *Matter of A-R-C-G-* constituted a changed circumstance, Rodriguez Sanchez did not file her asylum application until 15 months after the decision and thus did not file within a "reasonable period" as required.  § 1208.4(a)(4)(ii), (5).  Rodriguez Sanchez has not taken issue with the determination that she failed to file her application within a reasonable time after the purported change in the law.  Accordingly, she has abandoned the issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

According to Rodriguez Sanchez, her brother's death also excused her untimely filing, and she contends that the BIA incorrectly declined to consider this argument.  However, any error made by the BIA was harmless.  *See City of Arlington, Tex. v. F.C.C.*, 668 F.3d 229, 244 (5th Cir. 2012), *aff'd*, 569 U.S. 290 (2013); *Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009); *Beltran-Resendez v. INS*, 207 F.3d 284, 287 (5th Cir. 2000).  Rodriguez Sanchez learned of her brother's death in December 2008, but she did not file her asylum application until nearly seven years later.  Furthermore, Rodriguez

No. 17-60691

Sanchez did not argue before the IJ, the BIA, or this court, that she filed her asylum application within a reasonable period after her brother's death.

As for the BIA's decision to deny withholding of removal, Rodriguez Sanchez challenges the conclusion that she had not shown that Honduran authorities were unable or unwilling to protect her and thus that she had not established past persecution. However, Rodriguez Sanchez's evidence established that government officials acted on her complaints against her husband. The police arrested him at least twice, and on at least one occasion, authorities began the process of proceeding against him in court. Rodriguez Sanchez decided to abandon this avenue for relief when she was discouraged from doing so by a court secretary, though she did not seek the advice of a prosecutor or other attorney or a judge. Given the response of the Honduran authorities, the evidence does not compel a conclusion that the Honduran government was unable or unwilling to protect Ramirez Sanchez from her husband. *See Ramos v. Sessions*, 732 F. App'x 337, 338 (5th Cir. 2018); *Aligwekwe v. Holder*, 345 F. App'x 915, 921 (5th Cir. 2009).

Finally, Rodriguez Sanchez contends that she is entitled to withholding of removal on the basis that her life or freedom will be threatened if she returns to Honduras, asserting that the evidence established a pattern and practice of persecution of victims of domestic violence there. However, she did not raise this contention before the BIA, and thus we lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

Accordingly, the petition for review is DISMISSED in part and DENIED in part.